Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
mgoodin@ebglaw.com

Attorneys for Defendant,
USPROTECT CORPORATION

**ORIGINAL
FILED**

OCT – 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

**CRB**

KONSTANTINOS MOSHOGIANNIS,

Plaintiff,

v.

USPROTECT CORPORATION,

Defendant.

**C 07 5128**
CASE NO.

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendant USProtect Corporation hereby removes to this Court the state court action described below.

1.      On July 27, 2006, an action was commenced in the Superior Court in and for the County of San Francisco, entitled <u>Konstantinos Moshogiannis v. USProtect Corporation, and DOES 1 through and including 100</u>, designated as Case No. CGC-07-46523.

2.      Plaintiff's Complaint contains seven causes of action:  (1) failure to pay overtime, California Labor Code §§ 510 and 1194; (2) continuing wages, California Labor Code § 203; (3) failure to provide accurate pay stubs, California Labor Code § 226; (4) failure to provide rest and meal breaks, California Labor Code § 226.7; (5) unfair business practices, California Business and Professions Code § 17200 *et seq.*; (6)  failure to pay minimum wage, 29 U.S.C. § 206; (7) failure to pay overtime, 29 U.S.C. § 207.

1      3.    Defendant USProtect was served with a copy the Summons and Complaint on September 13, 2007.  True and correct copies of all papers served on Defendant are attached hereto as **Exhibit A.**  Defendant filed its Answer to Plaintiff's Complaint in state court on October 3, 2007.  A true and correct copy of the Answer is attached hereto as **Exhibit B.** Together, Exhibits A and B comprise the all pleadings and papers served on or by Defendant in this action.

      4.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, as it contains claims "arising under the Constitution, laws or treaties of the United States," specifically, the Fair Labor Standards Act, 29 U.S.C. §§ 206, *et seq.*, and is therefore one which may be removed to this Court by Defendant USProtect pursuant to the provisions of 28 U.S.C. § 1441(b).

      5.    Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is made within 30 days after Defendant USProtect's receipt of the Complaint.

      6.    Venue properly lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because Plaintiff's state court complaint was filed in a California Superior Court within this District.  28 U.S.C. § 84(a).

      7.    <u>Intradistrict Assignment</u>.  Pursuant to Local Rule 3-2, subdivisions (c) and (d), intradistrict venue properly lies in the San Francisco Division because Plaintiff's state court complaint was filed in the Superior Court in and for the County of San Francisco.

      8.    Defendant also directs the Court's attention to a related case pending in this District involving the same defendant and what appears to be the same putative class, and is captioned *Swanson v. USProtect Corporation,* Northern District of California, San Jose Division, Case No. C-05-602-JF.  That case also asserts causes of actions for failure to pay overtime, missed meal and rest periods under California state law, a claim under the Fair Labor Standards Act, and various other claims virtually identical to those stated in Plaintiff's Complaint.

///

///

- 2 -

                NOTICE OF REMOVAL

1     WHEREFORE Defendant USProtect prays that the above-referenced action be removed

2  from the Superior Court in and for the County of San Francisco to this Court.

3

4

5  DATED:  October 4, 2007                    EPSTEIN BECKER & GREEN, P.C.

6

7                                            By:

8                                               Steven R. Blackburn
                                                Matthew A. Goodin
9                                               USPROTECT CORPORATION
                                                Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

*EXHIBIT A*

xxx

RAPID SERVE

07/26/2007  14:18   4158822277                    Jul 26 2007  14:08    P.24

JUL-26-2007  11:43 FROM:HARRIS AND RUBLE   3239313366        TO:5107321569   **ORIGINAL**

| | CM-010 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): <br> ─ Alan Harris (SBN 146079) <br> Harris & Ruble <br> 5455 Wilshire Blvd., Suite 1800 <br> Los Angeles, California 90036 <br> TELEPHONE NO.: 323.931.3777   FAX NO.: 323.931.3366 <br> ATTORNEY FOR (Name): Konstantino Moshogiannis | FOR COURT USE ONLY <br><br> **ENDORSED** <br> **FILED** <br> San Francisco County Superior Court <br><br> JUL 2 6 2007 <br><br> **GORDON PARK-LI, Clerk** <br> PARAM NATT <br> BY: _____ <br> Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102-4514
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Moshogiannis v. USPROTECT Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 1.402) | CGC-07-465523 <br><br> JUDGE: <br> DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [✓] Other employment (15) | | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Seven
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 25, 2007
Alan Harris
_____        ►  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

07/26/2007  14:51    4158822277                    RAPID SERVE
RAPID LEGAL INC        Fax:5107321569        Jul 26 2007  14:07    P.26

JUL-26-2007  11:43 FROM:HARRIS AND RUBLE    3239313366        TO:5107321569        P.23

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USPROTECT CORPORATION, and DOE ONE through and including
DOE ONE-HUNDRED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KONSTANTINOS MOSHOGIANNIS, individually and on behalf of all
others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California for the County of San Francisco<br>Civic Center Courthouse<br>400 McAllister Street, San Francisco, California 94102-4514 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-07-465523 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Harris (SBN 146079) Harris & Ruble
5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036  Telephone: (323) 931-3777

| DATE:<br>*(Fecha)*    JUL 2 6 2007 | Gordon Park-Li | Clerk, by<br>*(Secretario)*    P. NATT | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| (SEAL) | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):* USProtect Corporation<br>under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

BY FAX

CASE NUMBER: CGC-07-465523  KONSTANTINOS MOSHOGIANNIS VS. USPROTECT COR[

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | DEC-28-2007 |
| **TIME:** | 9:00AM |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## Areas of Experience

**Business**
**Civil Rights**
**Commercial**
**Construction**
**Contracts**
**Disability**
**Discrimination**
**Education**
**Employment/Workplace**
**Environmental**
**Family**
**Fee Disputes**
**Financial**
**Gay/Lesbian/Bisexual Issues**
**Government**
**Insurance**
**Intellectual Property**
**Intra-Organizational**
**Labor**
**Landlord/Tenant**
**Land Use**
**Malpractice:**
  **Legal-Medical-Professional**
**Partnership Dissolutions**
**Personal Injury**
**Probate/Trust**
**Products Liability**
**Real Estate**
**Securities**
**Taxation**
**Uninsured Motorist**
**Women's Issues**

**WWW.SFBAR.ORG/MEDIATION**

## BASF Mediators

| | | |
|---|---|---|
| Koorosh Afshari | Arnold B. Haims | Marilyn O'Toole |
| Robert E. Aune | Ben Hornburg | Marc Paisin |
| Elizabeth E. Bader | Michael D. Hendiss | Herman D. Papa |
| Eileen Barker | Lynn Hansen | Basil Plastiras |
| Sandra Blair | John R. Heisse, II | Marco Quazzo |
| Burton F. Boltuch | Kay E. Henden | Steven Rosenberg |
| Bradley Bastick | Frederick C. Hertz | Jeffrey A. Ross |
| Angela Bradstreet | Bruce Highman | Alan R. Rothstein |
| George B. Brewster | Yolanda M. Jackson | Cheryl A. Sena |
| Fred D. Butler | Richard Jaeger | Stephen B. Ruben |
| Keith Chrestionson | Roberta R. Jaffrey | Elizabeth H. Shwitt |
| Thomas A. Cohen | Kenneth F. Johnson | Arthur R. Siegal |
| Nancy de Ita | Stagar P. Johnson | Carol Ruth Silver |
| Mark J. Divelbiss | Gail Killafer | Ieri H. Sklar |
| Martin H. Dodd | Carol M. Kingsley | Roger W. Sleight |
| Paul Dubow | Chris Knowlton | Yaroslav Sochynsky |
| David H. Fielding | Guy O. Kornblum | Jason H. Stein |
| Robert T. Fries | Dr. Urs Laeuchli | Michael J. Timpane |
| Mark Gainer | Paula Lawlson | Elizabeth A. Tippin |
| Sanford Garfinkel | Theodora R. Lee | Charles A. Tracy |
| Gerald F. George | Arthur D. Levy | Claudia M. Viera |
| Matthew J. Geyer | Robert T. Lynch | Gregory D. Walker |
| Judith A. Gordon | Sharon T. Maier | Albert B. Wenzell, Jr. |
| Stephen J. Gorski | Michael L. Marx | Arne Werchick |
| Laurel Litman Gottwell | Judith A. Mazia | Andrew R. Wiener |
| Judge Ron Greenberg (Ret) | David J. Meadows | Joel Zebrack |
| Paul D. Gutierrez | Thomas C. Nagle | |

**MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION**

2/07

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

—Richard W. Osman, Esq.
Bertrand, Fox & Elliot

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

—Robert P. Travis, Esq.
Travis and Pon

"The mediator was excellent! He was effective with some strong, forceful personalities."

—Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

Procedures, Forms, Mediator Biographies and Photos:

**WWW.SFBAR.ORG/MEDIATION**

Questions?
ADR@sfbar.org or 415.782.1600

# MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO



THE BAR ASSOCIATION OF
SAN FRANCISCO

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to
# resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.



- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.



## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

    1)    Judicial arbitration
    2)    Mediation
    3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties



voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.



A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

*Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

*Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.





### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

*Cost*

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

*Description*

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

*Operation*

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**     ☐ **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐ **Binding arbitration**                                                Judge _____
☐ **Non-binding judicial arbitration**                  Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____


| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

☐ *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:              Div.:              Room:
Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]
CASE MANAGEMENT STATEMENT
Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury  damages are sought, specify  the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):* .

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following.
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

14. **Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

   ☐ Additional cases are described in Attachment 14a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. Discovery
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

      <u>Party</u>                   <u>Description</u>                     <u>Date</u>

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. Economic Litigation
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. Other issues
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. Meet and confer
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Case management orders
   Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY)

                       ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]       **CASE MANAGEMENT STATEMENT**       Page 4 of 4



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/13/2007
Log Number 512586198

TO:    John Clemence
       USProtect Corporation
       801 Roeder Rd, Suite 1000
       Silver Spring, MD, 20910

RE:    **Process Served in California**

FOR:   USProtect Corporation (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Konstantinos Moshogiannis, individually and on behalf of all others similarly situated, Pltfs. vs. Usprotect Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Class Action Complaint, Exhibit, Cover Sheet, Summons, Notice to Plaintiff, Attachment(s), Stipulation Form, Case Management Statement Form |
| **COURT/AGENCY:** | San Francisco County, Superior Court, --, - Case # CGC07465523 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime - failure to provide accurate pay stubs |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/13/2007 at 08:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 12/28/07 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Abigail Treanor Harris & Ruble 5455 Wilshire Blvd. Suite 1800 Los Angeles, CA, 90036 323-931-3777 |
| **REMARKS:** | Refer to previous log # 512560012 forwarded on 09/05/2007. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798262837516 |
| **SIGNED:** PER: ADDRESS: | C T Corporation System Dianne Christman 818 West Seventh Street Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

9/13/07
8:25
am

07/26/2007  14:18   4150822277        RAPID SERVE                          PAGE  06/07
RAPID LEGAL, INC.       Fax:5107321669        Jul 26 2007  14:08         P.25

JUL-26-2007 11:40 FROM:HARRIS AND RUBLE    3239313366       TO:5107321569        P.2



<table>
<tr><td>

1   Alan Harris (SBN 146079)
    Abigail Treanor (SBN 228610)
2   HARRIS & RUBLE
    5455 Wilshire Boulevard, Suite 1800
3   Los Angeles, CA 90036
    Tel: 323.931.3777
4   Fax: 323.931.3366
    E-mail: law@harrisandruble.com;
5   atreanor@harrisandruble.com

6   Arthur L. Shingler, III (SBN 181719)
    SCOTT + SCOTT, LLC
7   600 B Street, Suite 1500
    San Diego, CA 92101
8   Tel: 619.233.4565
    Fax: 619.233.0508
9   E-mail: ashingler@scott-scott.com

10   Attorneys for Plaintiff
</td></tr>
</table>

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

JUL 2 6 2007

GORDON PARK-LI, Clerk
BY: _____
PARAM NATT
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 2 8 2007  -9:00 AM

DEPARTMENT 212

11
12     SUPERIOR COURT OF THE STATE OF CALIFORNIA
13              COUNTY OF SAN FRANCISCO

14   KONSTANTINOS                          )    Case No:  CGC-07-465523
15   MOSHOGIANNIS, individually            )
     and on behalf of all others similarly )    COMPLAINT
16   situated,                             )    [Class-Action Complaint]
                                         )
17         Plaintiffs,               )    1. Cal. Lab. Code §§ 510 and 1194,
                                         )    Failure to Pay Overtime
18     v.                               )
                                         )    2. Cal. Lab. Code § 203, Continuing
19   USPROTECT CORPORATION,               )    Wages
     and DOE ONE through and              )
20   including DOE ONE-HUNDRED,           )    3. Cal. Lab. Code § 226, Failure to
                                         )    Provide Accurate Pay Stubs
21         Defendants.               )
                                         )    4. Cal. Lab. Code § 226.7, Failure to
22                                       )    Provide Rest and Meal Breaks
                                         )
23                                       )    5. Cal. Bus. & Prof. Code § 17200 et seq.
                                         )
24                                       )    6. Fair Labor Standards Act, 29 U.S.C. §
                                         )    206, Minimum Wage
25                                       )
                                         )    7. Fair Labor Standards Act, 29 U.S.C. §
26                                       )    207, Overtime
27
28             **DEMAND FOR JURY TRIAL**

COPY

BY FAX

COMES NOW Plaintiff Konstantinos Moshogiannis, and for his causes of action against Defendant USPROTECT CORPORATION, alleges as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Konstantinos Moshogiannis ("Plaintiff" or "Moshogiannis") is an individual who, during the time periods relevant to this Complaint, was employed by the San Francisco Division of Defendant USPROTECT CORPORATION, within the State of California.

2.    Defendant USPROTECT CORPORATION ("USPROTECT") is a business organization incorporated in the State of Maryland and authorized to do business in the State of California and doing business at 50 United Nations Plaza, San Francisco, California 94102. USPROTECT provides security consulting, physical security and guard force protection services to numerous federal agencies throughout many counties in California.

3.    Defendants DOE ONE through and including DOE ONE-HUNDRED are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities, and capacities, whether individual, corporate, or otherwise, of the said fictitiously named Defendants, but leave of Court will be prayed to amend this Complaint to insert the same herein when finally ascertained.  Plaintiff is informed, believes, and thereon alleges that each of the said fictitiously named Defendants is legally responsible for the acts, omissions, and damages hereinafter alleged.

## GENERAL ALLEGATIONS

4.    Defendant employed Moshogiannis to perform security-guard functions from at least November 2001 through on or about June 29, 2007, when Plaintiff was discharged.

5.    At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided: "If an employer discharges an employee,

1  the wages earned and unpaid at the time of discharge are due and payable immediately,"
2  while section 202 of the California Labor Code provides for payment within 72 hours of
3  employees who quit.

4      6.    At all relevant times mentioned herein, section 510 of the California Labor
5  Code provided, in relevant part:

6      (a) Eight hours of labor constitutes a day's work. Any work in excess of
7      eight hours in one workday and any work in excess of 40 hours in any one
8      workweek and the first eight hours worked on the seventh day of work in
9      any one workweek shall be compensated at the rate of no less than one and
10      one-half times the regular rate of pay for an employee. Any work in excess
11      of 12 hours in one day shall be compensated at the rate of no less than twice
12      the regular rate of pay for an employee. In addition, any work in excess of
13      eight hours on any seventh day of a workweek shall be compensated at the
14      rate of no less than twice the regular rate of pay of an employee. Nothing in
15      this section requires an employer to combine more than one rate of overtime
16      compensation in order to calculate the amount to be paid to an employee for
17      any hour of overtime work. The requirements of this section do not apply to
18      the payment of overtime compensation to an employee working pursuant to
19      any of the following:

20      (1) An alternative workweek schedule adopted pursuant to Section 511.
21      (2) An alternative workweek schedule adopted pursuant to a collective
22      bargaining agreement pursuant to Section 514.

23      7.    At all relevant times mentioned herein, section 1194 of the California Labor
24  Code provided, in relevant part:

25      (a) Notwithstanding any agreement to work for a lesser wage, any employee
26      receiving less than the legal minimum wage or the legal overtime compensation
27      applicable to the employee is entitled to recover in a civil action the unpaid
28      balance of the full amount of this minimum wage or overtime compensation,

1    including interest thereon, reasonable attorney's fees, and costs of suit.

2    8.    With regard to the employment of Plaintiff as described above, the

3    provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code

4    were inapplicable in that no alternative workweek schedule had been adopted pursuant to

5    section 510 and Plaintiff's employment was not governed by a collective bargaining

6    agreement as described in section 514 of the California Labor Code.

7    9.    During his employment with Defendant, Defendant failed to provide

8    Plaintiff with overtime compensation as required by the California Labor Code and/or

9    Industrial Welfare Commission Order No. 4-2001 ("Wage Order 4").  Plaintiff regularly

10   labored in excess of eight (8) hours per workday but was not paid overtime for such

11   labor in contravention of section 514 of the California Labor Code and Wage Order 4.

12   10.    To date, Plaintiff has not received all of his earned wages.

13   11.    At all relevant times mentioned herein, section 203 of the California Labor

14   Code provided:

15        If an employer willfully fails to pay, without abatement or reduction, in

16        accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

17        employee who is discharged or who quits, the wages of the employee shall

18        continue as a penalty from the due date thereof at the same rate until paid or

19        until action therefore is commenced; but the wages shall not continue for

20        more than 30 days.

21   12.    At all relevant times mentioned herein, section 204 of the California Labor

22   Code provided, in relevant part:

23        (a) All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

24        earned by any person in any employment are due and payable twice during each

25        calendar month, on days designated in advance by the employer as the regular

26        paydays. Labor performed between the 1st and 15th days, inclusive, of any

27        calendar month shall be paid for between the 16th and the 26th day of the month

28        during which the labor was performed, and labor performed between the 16th and

1   the last day, inclusive, of any calendar month, shall be paid for between the 1st

2   and 10th day of the following month.

3       13.    Defendant's failure to pay Plaintiff within the time provided by section 201

4   of the California Labor Code has been and is "willful" within the meaning of section 203

5   of the California Labor Code and, accordingly, he is entitled to the "continuing wages"

6   provided by section 203.

7       14.    At all relevant times mentioned herein, section 208 of the California Labor

8   Code provided:

9           Every employee who is discharged shall be paid at the place of discharge,

10          and every employee who quits shall be paid at the office or agency of the

11          employer in the county where the employee has been performing labor. All

12          payments shall be made in the manner provided by law.

13      15.    At all relevant times mentioned herein, section 226 of the California Labor

14  Code provided:

15          (a) Every employer shall, semimonthly or at the time of each payment of

16          wages, furnish each of his or her employees, either as a detachable part of

17          the check, draft, or voucher paying the employee's wages, or separately

18          when wages are paid by personal check or cash, an itemized statement in

19          writing showing (1) gross wages earned, (2) total hours worked by the

20          employee, except for any employee whose compensation is solely based on

21          a salary and who is exempt from payment of overtime under subdivision (a)

22          of Section 515 or any applicable order of the Industrial Welfare

23          Commission, (3) the number of piece-rate units earned and any applicable

24          piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

25          provided, that all deductions made on written orders of the employee may

26          be aggregated and shown as one item, (5) net wages earned, (6) the

27          inclusive dates of the period for which the employee is paid, (7) the name of

28          the employee and his or her social security number, (8) the name and

1    address of the legal entity that is the employer, and (9) all applicable hourly

2    rates in effect during the pay period and the corresponding number of hours

3    worked at each hourly rate by the employee.  The deductions made from

4    payments of wages shall be recorded in ink or other indelible form, properly

5    dated, showing the month, day, and year, and a copy of the statement or a

6    record of the deductions shall be kept on file by the employer for at least

7    three years at the place of employment or at a central location within the

8    State of California.

9    . . . .

10   (e) An employee suffering injury as a result of a knowing and intentional

11   failure by an employer to comply with subdivision (a) is entitled to recover

12   the greater of all actual damages or fifty dollars ($50) for the initial pay

13   period in which a violation occurs and one hundred dollars ($100) per

14   employee for each violation in a subsequent pay period, not exceeding an

15   aggregate penalty of four thousand dollars ($4,000), and is entitled to an

16   award of costs and reasonable attorney's fees.

17   16.    Throughout the period of Plaintiff's employment with Defendant, Defendant

18   failed to provide him with the data required by section 226 of the California Labor Code.

19   For example, Exhibit 1 is Plaintiff's pay stub for the period ending September 3, 2006.

20   This pay stub fails to detail gross wages earned, total hours worked by the employee, net

21   wages earned, or all applicable hourly rates in effect during the pay period and the

22   corresponding number of hours worked at each hourly rate by the employee.

23   17.    At all relevant times mentioned herein, section 512(a) of the California

24   Labor Code provided:

25   An employer may not employ an employee for a work period of more than

26   five hours per day without providing the employee with a meal period of not

27   less than 30 minutes, except that if the total work period per day of the

28   employee is no more than six hours, the meal period may be waived by

1    mutual consent of both the employer and employee. An employer may not
2    employ an employee for a work period of more than 10 hours per day
3    without providing the employee with a second meal period of not less than
4    30 minutes, except that if the total hours worked is no more than 12 hours,
5    the second meal period may be waived by mutual consent of the employer
6    and the employee only if the first meal period was not waived.

7        18.    At all relevant times mentioned herein, section 226.7(b) of the California
8    Labor Code provided:

9        If an employer fails to provide an employee a meal period or rest period in
10       accordance with an applicable order of the Industrial Welfare Commission,
11       the employer shall pay the employee one additional hour of pay at the
12       employee's regular rate of compensation for each work day that the meal or
13       rest period is not provided.

14       19.    Defendant regularly failed to provide Plaintiff with rest periods and
15   meal periods during his periods of employment as required by sections 226.7 and
16   512 of the California Labor Code. Defendant also regularly failed to provide
17   Plaintiff with compensation for time spent traveling between two separate work
18   locations on a single workday, requiring he commence work at one location and
19   complete work at a separate location. 29 C.F.R. § 785.38.

20       20.    At all times relevant herein, Wage Order 4 provided, in relevant part:
21       3. HOURS AND DAYS OF WORK
22       (A) Daily Overtime - General Provisions
23       (1) The following overtime provisions are applicable to employees 18 years
24       of age or over and to employees 16 or 17 years of age who are not required
25       by law to attend school and are not otherwise prohibited by law from
26       engaging in the subject work. Such employees shall not be employed more
27       than eight (8) hours in any workday or more than 40 hours in any workweek
28       unless the employee receives one and one-half (11/2) times such employee's

regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

. . . .

## 4. MINIMUM WAGES

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

. . . .

## 7. RECORDS

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

. . . .

11. MEAL PERIODS

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement

1    shall state that the employee may, in writing, revoke the agreement at any

2    time.

3    (B) If an employer fails to provide an employee a meal period in accordance

4    with the applicable provisions of this order, the employer shall pay the

5    employee one (1) hour of pay at the employee's regular rate of

6    compensation for each workday that the meal period is not provided.

7    . . . .

8    12. REST PERIODS

9    (A) Every employer shall authorize and permit all employees to take rest

10    periods, which insofar as practicable shall be in the middle of each work

11    period. The authorized rest period time shall be based on the total hours

12    worked daily at the rate of ten (10) minutes net rest time per four (4) hours

13    or major fraction thereof. However, a rest period need not be authorized for

14    employees whose total daily work time is less than three and one-half (31/2)

15    hours. Authorized rest period time shall be counted as hours worked for

16    which there shall be no deduction from wages.

17    (B) If an employer fails to provide an employee a rest period in accordance

18    with the applicable provisions of this order, the employer shall pay the

19    employee one (1) hour of pay at the employee's regular rate of

20    compensation for each workday that the rest period is not provided.

21    **CLASS-ACTION ALLEGATIONS**

22    21.    The class represented by Plaintiff (hereafter referred to as the "Class")

23    consists of all natural persons who were tendered paychecks by Defendant in the United

24    States during the period beginning four years prior to the filing of this Complaint (such

25    persons are referred to hereafter as "Class Members," and such period is referred to

26    hereafter as the "Class Period").

27    22.    Defendant's failure to pay overtime, as required by section 510, entitles

28    Plaintiff and each Class Member to their unpaid overtime wages and interest in

1    accordance with section 1194 of the California Labor Code.

2        23.    Defendant's failure to make payments within the time provided by sections

3    201 or 202 of the California Labor Code has been and is "willful" within the meaning of

4    section 203 of the California Labor Code and that, accordingly, Plaintiff and each Class

5    Member who quit or was discharged and was not paid in accordance with the law is

6    entitled to the continuing wages provided for by section 203.

7        24.    Defendant, as to each member of the class, also failed in some or all of the

8    pay stubs furnished to Class Members, to provide the data required by section 226 of the

9    California Labor Code and that Defendant's failure to provide such data entitles Plaintiff

10    and each Class Member to either actual damages or statutory damages, whichever is

11    greater.

12        25.    Defendant's failure to provide rest and meal breaks as required by sections

13    226.7 and 512 of the California Labor Code entitles Plaintiff and each Class Member to

14    at least one hour of pay for each workday he or she was not provided a rest and/or meal

15    break.

16        26.    The number of Class Members is great, believed to be in excess of 300

17    hundred persons, but fewer than two thousand persons. It therefore is impractical to join

18    each Class Member as a named Plaintiff. Accordingly, utilization of a class action is the

19    most economically feasible means of determining the merits of this litigation.

20        27.    Despite the size of the proposed class, the Class Members are readily

21    ascertainable through an examination of the records that Defendant is required by law to

22    keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable

23    by an examination of those same records.

24        28.    Common questions of fact and of law predominate in the Class Member's

25    claims over individual issues regarding the money owed to each Class Member.

26        29.    There is a well-defined community of interest in the questions of law and

27    fact common to the Class Members.

28        30.    Plaintiff's claims are typical of the claims of the Class Members, which

1    claims all arise from the same general operative facts, namely, Defendant did not

2    compensate its employees as required by the California Labor Code and Defendant did

3    not furnish to the Class Members the information required by Section 226 of the Labor

4    Code. Plaintiff has no conflict of interest with the other Class Members and is able to

5    represent the Class Members' interests fairly and adequately.

6        31.    A class action is a superior method for the fair and efficient adjudication of

7    this controversy. The persons within the Class are so numerous that joinder of all of

8    them is impracticable. The disposition of all claims of the members of the Class in a

9    class action, rather than in individual actions, benefits the parties and the Court. The

10   interest of the Class Members in controlling the prosecution of separate claims against

11   Defendant is small when compared with the efficiency of a class action.

12                   **FLSA COLLECTIVE ACTION ALLEGATIONS**

13       32.    Plaintiff seeks to represent all natural persons who were tendered paychecks

14   by Defendant during the three years preceding the filing of this Complaint and not paid

15   in accordance with the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

16   201 *et seq.* (All persons described in paragraph 32 herein shall be referred to as

17   "Collective-Action Members.")

18       33.    Plaintiff is similarly situated to the Collective-Action Members in that

19   Plaintiff and the Collective-Action Members were employed by Defendant and in that

20   Defendant did not pay Plaintiff and the Collective-Action Members their minimum

21   wages or overtime compensation by the next regularly scheduled payday.

22       34.    This action is maintainable as an "opt-in" collective action pursuant to 29

23   U.S.C. § 216(b).

24       35.    All Collective-Action Members should be given notice and be allowed to

25   give their consent in writing to participate in—in other words, to opt into—the collective

26   action pursuant to 29 U.S.C. § 216(b).

27   / / / / /

28   / / / / /

## FIRST CAUSE OF ACTION
(Cal. Lab. Code §§ 510 and 1194, Failure to Pay Overtime)

36.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

37.    Defendant, by failing to pay Plaintiff and the Class Members their overtime, has violated section 510 of the California Labor Code.  Plaintiff and the Class Members are, accordingly, entitled to recovery of the unpaid balance of the full amount of their overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

## SECOND CAUSE OF ACTION
(Cal. Lab. Code § 203, Continuing Wages)

38.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

39.    Plaintiff was discharged on or about June 29, 2007, but was not provided his wages within the time provided by section 201 of the California Labor Code, despite Defendant's knowledge of its obligation to do so. Defendant's actions were "willful" within the meaning of section 203 of the California Labor Code.

40.    Plaintiff and each Class Member who was discharged or quit, are therefore entitled to continuing wages from the date on which his or her final wages were due until the date on which Defendant makes payment of the wages, not to exceed thirty days.

## THIRD CAUSE OF ACTION
(Cal. Lab. Code § 226, Failure to Provide Accurate Pay Stubs)

41.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

42.    Defendant employed Plaintiff and the Class Members but failed to provide them with the data required by section 226 of the California Labor Code.  Specifically, Defendant failed to provide the following information under California Labor Code section 226: pay stub fails to detail gross wages earned, total hours worked by the employee, net wages earned, or all applicable hourly rates in effect during the pay period

1 and the corresponding number of hours worked at each hourly rate by the employee.

2 Cal. Lab. Code § 226.

3     43.    Accordingly, Plaintiff and each Class Member are entitled to damages, and

4 Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in

5 accord with the provisions of California Labor Code § 226(e).

6                     **FOURTH CAUSE OF ACTION**

7     (Cal. Lab. Code § 226.7, Failure to Provide Rest and Meal Breaks)

8     44.    Plaintiffs replead, reallege, and incorporate by reference each and every

9 allegation set forth in the Complaint.

10     45.    During the Class Period, Plaintiff and the Class Members were not provided

11 time to take ten-minute rest periods during their work shifts.

12     46.    During the Class Period, Plaintiff and the Class Members were not provided

13 time to take non-working thirty-minute meal breaks during their work shifts.

14     47.    Accordingly, Plaintiff and each Class Member are entitled to compensation

15 of at least one hour of pay for each workday during which he or she was not provided the

16 proper ten-minute rest period.  Likewise, each Class Member is entitled to compensation

17 of at least one hour of pay for each workday during which he or she was not provided the

18 proper rest and/or meal break.

19                     **FIFTH CAUSE OF ACTION**

20 (Request for Restitution and Injunctive Relief for Illegal Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*)

21     48.    Plaintiff repleads, realleges, and incorporates by reference each and every

22 allegation set forth in the Complaint.

23     49.    Plaintiff is suing both in his individual capacity and on behalf of the

24 general public, and he is a proper representative Plaintiff because he has suffered direct

25 harm from the illegal business practices herein alleged.

26     50.    Beginning at an exact date unknown to Plaintiff, Defendant has committed

27 acts of unfair business practice as defined in California Business and Professions Code

28

1  section 17200 *et seq.* by engaging in the following acts and practices:  (1) failing to

2  provide overtime compensations to its employees in accordance with section 510 of the

3  California Labor Code; (2) failing to pay its discharged employees in accordance with

4  sections 201, 202, and 203 of the California Labor Code; (3) failing to provide rest and

5  meal breaks to its employees in accordance with sections 226.7 and 512 of the California

6  Labor Code; (4) providing pay stubs that do not include the data required by section 226

7  of the California Labor Code; (5) violating provisions of the applicable Wage Order; (6)

8  violating the Fair Labor Standards Act; and (7) violating the Code of Federal

9  Regulations.

10      51.    The acts and practices as described in the paragraph above violate Business

11  and Professions Code section 17200 *et seq.* in the following respects:

12      (a)    Defendant's policy and practice of failing to pay its employees minimum

13              wage and overtime compensation violates sections 510 and 1194 of the

14              California Labor Code and the Fair Labor Standards Act, and, consequently,

15              constitutes an unlawful business act or practice within the meaning of

16              Business and Professions Code section 17200 *et seq.*;

17      (b)    Defendant's policy and practice of failing to pay its discharged or quitting

18              employees at the times mandated by sections 201 and 202 of the California

19              Labor Code constitutes an unlawful business act or practice within the

20              meaning of Business and Professions Code section 17200 *et seq.*;

21      (c)    Defendant's policy and practice of failing to provide its employees with rest

22              and meal periods violates sections 226.7 and 512 of the California Labor

23              Code and, consequently, constitutes an unlawful business act or practice

24              within the meaning of Business and Professions Code section 17200 *et seq.*;

25      (d)    Defendant's policy and practice of failing to provide certain pay-stub data

26              violates section 226 of the California Labor Code and, consequently,

27              constitutes an unlawful business act or practice within the meaning of

28              Business and Professions Code section 17200 *et seq.*;

1    (e)    Defendant's violation of the Fair Labor Standards Act is in contravention of

2            federal law and, consequently, constitutes an unlawful business act or

3            practice within the meaning of Business and Professions Code section

4            17200 *et seq.*; and

5    (f)    Defendant's violation of the applicable Wage Order is in contravention of

6            state law and, consequently, constitutes an unlawful business act or practice

7            within the meaning of Business and Professions Code section 17200 *et seq.*

8    52.    Under section 17200 *et seq.* of the Business and Professions Code, this

9    Court is authorized to enter such judgment or order as may be necessary to restore to any

10   person in interest the money or property acquired by Defendant through its unlawful and

11   unfair business practices.

12   53.    Plaintiff and the Class Members are, therefore, entitled to a judgment of

13   this Court requiring Defendant to pay to Plaintiff and each identifiable Class Member the

14   unpaid overtime compensation, continuing wages, and/or one hour of additional

15   compensation for each missed rest and meal period, to which such individuals were and

16   are entitled but which have been denied them by reason of Defendant's conduct alleged

17   herein.

18   54.    In other words, Plaintiff and the Class Members are entitled to restitution of

19   their unpaid overtime compensation, continuing wages, and one hour of additional

20   compensation for each missed rest and meal period improperly withheld by Defendant,

21   as such funds should be distributed to the individuals who are rightfully entitled to such

22   monies.

23   55.    The named Plaintiff is a proper person to bring this litigation as a

24   "representative action" to compel restitution. The named Plaintiff is a person who has

25   suffered damage as a result of the unlawful actions of Defendant herein alleged. The

26   actions of Defendant herein alleged are in violation of various statutes and in

27   contravention of established public policy, and, accordingly, a court order compelling it

28   to cease and desist from such actions and to make restitution is a vindication of an

1   important public right. The extent to which Defendant has been unjustly enriched as a

2   result of its unlawful and unfair business practices is a matter that can be ascertained by

3   examination of the payroll and accounting records that Defendant is required by law to

4   keep and maintain and that Defendant has kept and maintained.

5        56.   The identity of the persons to whom restitution should be made is a matter

6   that can be ascertained from those records that Defendant is required by law to keep and

7   maintain and that it has kept and maintained.

8        57.   Plaintiff's efforts in securing the requested relief will result "in the

9   enforcement of an important right affecting the public interest," as "a significant benefit,

10  whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons."

11  Cal. Civ. Proc. Code § 1021.5. Moreover, because "the necessity and financial burden of

12  private enforcement . . . are such as to make [an attorney's fee] award appropriate, and

13  [because attorney's] fees should not in the interest of justice be paid out of the recovery,

14  if any," id., Plaintiff requests that the Court also award reasonable attorney's fees

15  pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

16       58.   Plaintiff and the Class Members have no plain, speedy, or adequate remedy

17  at law, inasmuch as Defendant, unless enjoined by an order of this Court, will continue

18  to violate systematically the provisions of sections 201, 202, 203, 204, 226, 226.7, 510,

19  512, and 1194 of the California Labor Code, the applicable Wage Order, the Fair Labor

20  Standards Act and the Code of Federal Regulations.

21       59.   Accordingly, injunctive relief is proper and necessary pursuant to section

22  17203 of the California Business and Professions Code.

23       60.   Pursuant to section 17205, the remedies and penalties provided by section

24  17200 et seq. are cumulative to the remedies and penalties available under all other laws

25  of this state.

### SIXTH CAUSE OF ACTION
(29 U.S.C. § 206, Minimum Wage)

26
27       61.   Plaintiff repleads, realleges, and incorporates by reference each and every

28  allegation set forth in the Complaint.

62.    At all times relevant herein, 29 U.S.C. § 203 (d) of the Fair Labor Standards Act defined employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Upon information and belief, Defendant operates an enterprise engaged in commerce within the meaning of the FLSA. Defendant is an employer or one acting in the interest of an employer.

63.    Defendant, by not paying Plaintiff and the Collective-Action Members all wages owing by the next regularly scheduled payday, has violated the Fair Labor Standards Act by failing to provide at least minimum wages to Plaintiffs and the Class Members as required by 29 U.S.C. § 206. Defendant's failure to pay Plaintiffs and the Collective-Action Members the proper wages required by law was willful. Accordingly, Plaintiffs and the Class Members are entitled to be paid liquidated damages, attorney's fees and costs, according to proof, in accordance with 29 U.S.C. § 216 (b).

## SEVENTH CAUSE OF ACTION
(29 U.S.C. § 207, Overtime)

64.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

65.    Defendant, by not paying Plaintiff and the Collective-Action Members the overtime wages due and owing to them, have violated the Fair Labor Standards Act, 29 U.S.C. § 207. Accordingly, Plaintiff and the Collective-Action Members are entitled to be paid the balance of their unpaid overtime wages, liquidated damages, attorneys' fees, and costs, according to proof, in accordance with 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That this Court certify the Class and the Collective Action described in this Complaint.

2.    That, with respect to the First Cause of Action, this Court enter judgment in favor of Plaintiff and the Class Members for payment of their unpaid overtime compensation, interest thereon, reasonable attorneys' fees and costs of suit, according to proof, in accordance with section 1194(a) of the California Labor Code.

3.    That, with respect to the Second Cause of Action, it be adjudged that the failure of Defendant to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful" within the meaning of section 203 of the California Labor Code and that this Court award Plaintiff and Class Members continuing wages according to proof.

4.    That, with respect to the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members for damages, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code.

5.    That, with respect to the Fourth Cause of Action, Plaintiff and Class Members be awarded judgment, interest, and costs, according to proof.

6.    That, under the Fifth Cause of Action, it be adjudged that Defendant's violations of sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 of the California Labor Code, violated section 17200 *et seq.* of the California Business and Professions Code. Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Plaintiff Classes in the form of the overtime compensation, wages, and continuing wages unlawfully retained by Defendant, with interest. Furthermore, Plaintiff requests that the Court issue an order or decree pursuant to section 17203 of the California Business and Professions Code that permanently enjoins Defendant from pursuing its practice of violating sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 of the California Labor Code. Finally, Plaintiff requests that the Court award Plaintiff his reasonable attorney's fees and costs incurred in the prosecution of the Fourth Cause of Action pursuant to section 1021.5 of the California Code of Civil Procedure.

7.    That, with respect to the Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and the Collective-Action Members and declare that Defendant violated the FLSA, declare that Defendant's violations were willful, award damages for their unpaid wages as required by the FLSA, as well as liquidated damages according to

proof, reasonable attorney's fees, and costs of suit, including expert witness expenses, in accordance with 29 U.S.C. § 216(b).

8.   That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of Plaintiff and the Collective-Action Members and declare that Defendant violated the FLSA, declare that Defendant's violations were willful, award damages for their unpaid overtime compensation as required by the FLSA, as well as liquidated damages according to proof, reasonable attorney's fees, and costs of suit, including expert witness expenses, in accordance with 29 U.S.C. § 216(b).

9.   For such further relief as the Court may order.

Plaintiff demands a trial by jury as to all counts.

DATED:     July 25, 2007                    HARRIS & RUBLE:

_____
Alan Harris
*Attorney for Plaintiff*


DATED:     July 25, 2007                    SCOTT + SCOTT, LLC:

_____
Arthur L. Shingler, III
*Attorney for Plaintiff*

USPROTECT CORPORATION        VOUCHER DATE    VOUCHER NO.
801 ROEDER ROAD
SUITE 1000                                             9/14/06          172315
SILVER SPRING, MD 20910

DEPOSIT       **THIS IS NOT A CHECK**

                                       Bank TR#     Bank Account    Deposit Amount   Description
KONSTANTINOS N MOSHOGIANNIS                         $945.10   Checking

6002MOSHOGIANNISKONSTANTINOS

**VOUCHER - NON NEGOTIABLE**

| Employee No. # | | Employer Name | | | | | Voucher No. | Company Name & Address |
|---|---|---|---|---|---|---|---|---|
| | | KONSTANTINOS N MOSHOGIANNIS | | | | | 172315 | USPROTECT CORPORATION |
| Co # | | Div # | Dept # | Clock # | | Soc Sec # | | 801 ROEDER ROAD |
| USP801 | | SANFRAN | 6002 | | | | | SUITE 1000 |
| Period Start | | Period Ending | Check Date | FW= | $0 | | | SILVER SPRING, MD 20910 |
| 8/21/06 | | 9/3/06 | 9/14/06 | ST= | $0 | | | |

| EARNINGS | | | | TAXES | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | YTD | DESCRIPTION | AMOUNT | YTD | DESCRIPTION | AMOUNT | YTD |
| REGULAR | 60.00 | 20.60 | $1,236.00 | $26,584.30 | SSEC | $77.00 | $1,872.52 | | |
| OVERTIME | | | | $185.40 | MEDI | $18.01 | $437.93 | | |
| BEREAVEMNT | | | | $494.40 | FWT | $157.08 | $4,639.34 | | |
| HOLIDAY | | | | $659.20 | SWTCA | $34.87 | $1,143.03 | | |
| JURY DUTY | | | | $164.80 | EESDICA | $9.94 | $241.62 | | |
| REGCCTRAIN | | | | $824.00 | | | | | |
| UMA | 60.00 | 0.10 | $6.00 | $129.05 | | | | | |
| VACHRS | | | | $1,160.80 | | | | | |
| MEMO: | | | | | | | | | |
| 401KCONTRB | 1.00 | 136.80 | $136.80 | $2,942.34 | | | | | |
| H&W | 60.00 | 2.28 | $136.80 | $2,942.34 | | | | | |

| EARNINGS | $1,242.00 | TAXES | $296.90 | DEDUCTIONS | $0.00 | NET PAY | $945.10 |
|---|---|---|---|---|---|---|---|

| | | | | | Hours | | | Rate | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CUSTOMER | LOCATION | | DATE | TOUR | REGULAR | O.T. | HOLIDAY | REGULAR | O.T. | HOLIDAY |
| US P | US PROTEC | US PROTECT | 8/23/06 | 6:30 - 13:30 | 7.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/23/06 | 15:00 - 18:00 | 3.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/24/06 | 6:30 - 13:30 | 7.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/24/06 | 15:00 - 18:00 | 3.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/28/06 | 6:30 - 13:30 | 7.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/28/06 | 15:00 - 18:00 | 3.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/29/06 | 6:30 - 13:30 | 7.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/29/06 | 15:00 - 18:00 | 3.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/30/06 | 6:30 - 13:30 | 7.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/30/06 | 15:00 - 18:00 | 3.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/31/06 | 6:30 - 13:30 | 7.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |
| US P | US PROTEC | US PROTECT | 8/31/06 | 15:00 - 18:00 | 3.00 | 0.00 | 0.00 | 20.60 | 30.90 | 20.60 |

Exhibit 1

*EXHIBIT B*

xxx

1  Steven R. Blackburn, State Bar No. 154797
   Matthew A. Goodin, State Bar No. 169674
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   sblackburn@ebglaw.com
5  mgoodin@ebglaw.com

6  Attorneys for Defendant,
   USPROTECT CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11  KONSTANTINOS MOSHOGIANNIS,          CASE NO.  CGC-07-465523

12            Plaintiff,
                                        **DEFENDANT'S ANSWER TO**
13       v.                             **COMPLAINT**

14  USPROTECT CORPORATION,

15            Defendant.

16

17      Defendant  USProtect  Corporation  ("Defendant")  hereby  responds  to  Plaintiff's

18  Complaint for Damages ("the Complaint") on file herein, as follows:

19                            **GENERAL DENIAL**

20      Defendant denies each and every allegation of Plaintiffs' unverified Complaint in this

21  action, and submits the following affirmative defenses:

22                          **AFFIRMATIVE DEFENSES**

23                       **FIRST AFFIRMATIVE DEFENSE**

24                     **(Failure to State a Cause of Action)**

25      1.    As a first affirmative defense, Defendant avers that the Complaint fails to state

26  facts sufficient to constitute a cause of action.

27  ///

28  ///

SF:149905v1                                              Answer to Complaint

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    As a second affirmative defense, Defendant avers that the claims of Plaintiff and the putative class he seeks to represent are barred, in whole or in part, by the applicable statutes of limitation, California Code of Civil Procedure §§ 338(a), 339, and/or 340(a); and California Business & Professions Code § 17208, to the extent they seek relief for conduct occurring outside the relevant limitations period.

## THIRD AFFIRMATIVE DEFENSE

### (Labor Code Section 203 – Wages Timely Paid)

3.    As a third affirmative defense, Defendants allege that Plaintiff and the putative class he seeks to represent are barred from any recovery under Labor Code § 203 because, at all times relevant to this action, Defendants properly paid employees all wages due and owing within the time required by Labor Code § 201 and/or 202.

## FOURTH AFFIRMATIVE DEFENSE

### (Labor Code Section 203 – Good Faith Dispute)

4.    As a fourth affirmative defense, Defendants allege that Plaintiff and the putative class he seeks to represent are barred from any recovery under Labor Code § 203 because, at all times relevant to this action, there exists or existed a good faith factual and/or legal dispute that any wages are or were due to Plaintiffs and/or to any member of the putative class pursuant to Labor Code § 201 and/or 202.

## FIFTH AFFIRMATIVE DEFENSE

### (On-Duty Meal Period Agreement)

5.    As a fifth affirmative defense, Defendant avers that Plaintiff and the putative class he seeks to represent have waived any right to assert the claims in the Complaint and are barred, in whole or in part, from any relief sought therein by virtue of their own conduct, actions or inaction.    Specifically, Defendant avers that Plaintiff and members of the putative class, pursuant to Labor Code sec. 512, have voluntarily signed a legally valid and binding agreement in which they agreed to an on-duty meal period.

- 2 -

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

6.    As a sixth affirmative defense, Defendants allege that the claims of Plaintiff and the putative class are barred, in whole or in part, by the doctrines of estoppel and waiver. Specifically, Defendants are informed and believe and thereon allege that Plaintiff and the putative class consented to and received payment in the form provided by Defendants, thus indicating waiver of their alleged claims and estopping them from asserting the causes of action alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

7.    As a seventh affirmative defense, Defendant avers that Plaintiff and the putative class he seeks to represent suffered no damages as a result of the actions allegedly taken by Defendant and are thus barred from recovery on any cause of action against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Standing)

8.    As an eighth affirmative defense, Defendant avers that the claims of Plaintiff and the putative class he seeks to represent under the California Business & Professions Code are barred because Plaintiff does not have standing to assert such claims on behalf of the general public as required by California Business & Professions Code §§ 17203 and 17204.

## NINTH AFFIRMATIVE DEFENSE

### (No Class Exists)

9.    As a ninth affirmative defense, Defendant avers that the Complaint and the putative causes of action set forth therein do not state facts sufficient to certify a class pursuant to California Code of Civil Procedure § 382 in that common questions of fact and law do not predominate and this action is not otherwise appropriate for treatment as a class action.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Class Representative)

10.    As a tenth affirmative defense, Defendant avers that Plaintiff is not proper class

- 3 -

SF:149905v1                                                              Answer to Complaint

1  representative.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Class-Wide Injury)

11.    As an eleventh affirmative defense, Defendant avers that there has been no class-wide injury as alleged by the named Plaintiff.  The injuries for which recovery is sought by the named Plaintiff on behalf of the alleged class cannot be recovered without proof by each alleged class member as to the specific facts underlying the wage violations alleged by each class member and the losses allegedly suffered as a direct and proximate result of each such alleged violation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

12.    As a twelfth affirmative defense, Defendant avers that the claims for injunctive relief by Plaintiff and the putative class he seeks to represent are barred because an adequate remedy at law is available.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Abatement/Exclusive Concurrent Jurisdiction)

13.    As a thirteenth affirmative defense, Defendant avers that this action should be abated or stayed because another action asserting substantially the same causes of action, arising from the same facts or transactions, and between substantially the same parties, is already pending before another court of competent jurisdiction, *viz.*, *Swanson v. USProtect Corporation,* Northern District of California, San Jose Division, Case No. C-05-602-JF.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies – Private Attorney General Act)

14.    As a fourteenth affirmative defense, Defendant avers that Plaintiff and the putative class he seeks to represent are barred from recovery on Plaintiff's First, Second, Third and/or Fourth Causes of Action to the extent that Plaintiff and some or all of the putative class members have failed to exhaust the administrative remedies under the Private Attorney General Act, California Labor Code §§ 2698, *et seq.*

- 4 -

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

#### (Offset)

3      15.    As a fifteenth affirmative defense, Defendant avers that Plaintiff and the putative

4   class members received a paid, 30-minute on-duty meal period, and as a result, any penalty,

5   back wages, or restitution owed to, or other damages suffered by Plaintiff and the putative class

6   members, if any, in the Fourth and Fifth Causes of Action, must be offset or reduced

7   accordingly.

8

### SIXTEENTH AFFIRMATIVE DEFENSE

9

#### (Adequate Non-Class Remedy)

10      16.    As a sixteenth affirmative defense, Defendant avers that Plaintiff and some or all

11   of the putative class members employed in California have an adequate remedy and

12   enforcement mechanism via the claims procedure set forth in California Labor § 98, and a class

13   action is therefore not a superior method of adjudicating the First through Fifth Causes of

14   Action.

15

### SEVENTEENTH AFFIRMATIVE DEFENSE

16

#### (No Private Right of Action)

17      17.    As a seventeenth affirmative defense, Defendant avers that the claims of Plaintiff

18   and some or all of the putative class members are barred because they seek to enforce the rights

19   under the Service Contract Act and the Contract Work Hours and Safety Standards Act, both of

20   which do not confer a private right of action.

21

### EIGHTEENTH AFFIRMATIVE DEFENSE

22

#### (Federal Enclave)

23      18.    As an eighteenth affirmative defense, Defendant avers that Plaintiff's First through

24   Fifth Causes of Action are barred to the extent that they are based on work performed by

25   Plaintiff and/or some or all of the class members on a federal enclave in which state law does

26   not apply.

27   ///

28   ///

- 5 -

Answer to Complaint

1

### NINETEENTH AFFIRMATIVE DEFENSE

2

**(Wage Order Exemption)**

3      19.    As a nineteenth affirmative defense, Defendant avers that Plaintiff's First through

4   Fifth Causes of Action are barred to the extent that some of the putative class members are

5   exempt from the Industrial Wage Orders and California state laws requiring the payment of

6   overtime and the provision of duty-free meal periods.

7

### TWENTIETH AFFIRMATIVE DEFENSE

8

**(Putative Class Members Employed Outside of California)**

9      20.    As a twentieth affirmative defense, Defendant avers that Plaintiff's First through

10   Fifth Causes of Action do not state a cause of action as to any members of the putative class

11   who are or were employed outside the State of California.

12

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13

**(Attorneys' Fees)**

14      21.    As a twenty-first affirmative defense, Defendant avers that Plaintiffs and the

15   putative class he seeks to represent may not recover attorneys' fees under Labor Code § 218.5

16   to the extent the Action is not one for the nonpayment of wages, fringe benefits or health and

17   welfare or pension fund contributions as defined by Labor Code § 218.5; Plaintiffs and the

18   putative class they seek to represent may not recover attorneys' fees under Code of Civil

19   Procedure § 1021.5 because the action is not brought to enforce an important right affecting the

20   public interest as required by Code of Civil Procedure § 1021.5.

21

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22

**(Preemption – Labor Management Relations Act)**

23      22.    As a twenty-second affirmative defense, Defendant avers that the claims of

24   Plaintiff and some or all of the putative class members depend on the interpretation of a

25   collective bargaining agreement and are therefore preempted by Section 301 of the Labor

26   Management Relations Act.

27   ///

28   ///

SF:149905v1                                    Answer to Complaint

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Grievance Process)

23.    As a twenty-third affirmative defense, Defendant avers that the claims of Plaintiff and some or all of the putative class members are barred to the extent Plaintiff and/or members of the putative class have failed to exhaust the grievance process as required by collective bargaining agreements applicable governing the employment relationship between USProtect,and Plaintiff and/or some or all of the putative class members on the other hand.

Defendant reserves the right to amend this Answer to include additional affirmative defenses upon completion of discovery.

WHEREFORE, Defendant prays that:

1.    Plaintiff take nothing by this action;

2.    Defendant be awarded its costs of suit and attorneys' fees herein; and

3.    For such other and further relief as the Court deems proper.

DATED:  October 2, 2007                    EPSTEIN BECKER & GREEN, P.C.

By: _____
      Steven R. Blackburn
      Matthew A. Goodin
      Attorneys for Defendant
      USPROTECT CORPORATION

- 7 -

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served):

    ➢  **DEFENDANT'S ANSWER TO COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    Alan Harris                              *Attorneys for Plaintiff*
    Abigail Treanor
    *Harris & Ruble*
    5455 Wilshire Boulevard, Suite 1800
    Los Angeles, CA 90036

    Arthur L. Shingler, III
    *Scott & Scott, LLC*
    600 "B" Street, Suite 1500
    San Diego, CA 92101

5.  b. ☐  **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ☑  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

6.  I served the documents by the means described in item 5 on *(date):*  **October 3, 2007**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 10/3/07 | **Bridgette Phillips** | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 8 -

Answer to Complaint
Case No. CGC-07-465523

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.   I served copies of the following documents (specify the exact title of each document served):

   ➢  **NOTICE OF REMOVAL**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

   Alan Harris                                         ***Attorneys for Plaintiff***
   Abigail Treanor
   ***Harris & Ruble***
   5455 Wilshire Boulevard, Suite 1800
   Los Angeles, CA 90036

   Arthur L. Shingler, III
   ***Scott & Scott, LLC***
   600 "B" Street, Suite 1500
   San Diego, CA 92101

5.   b.  ☑  **By United States mail**.   I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1)  ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2)  ☑   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

6.   I served the documents by the means described in item 5 on *(date):*  **October 5, 2007**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| **10/5/07** | Bridgette Phillips | |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 1 -