1  Alan Harris (SBN 146079)
   Abigail Treanor (SBN 228610)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Tel: 323.931.3777
4  Fax: 323.931.3366
   E-mail: law@harrisandruble.com;
5  atreanor@harrisandruble.com

6  Arthur L. Shingler, III (SBN 181719)
   SCOTT + SCOTT, LLC
7  600 B Street, Suite 1500
   San Diego, CA 92101
8  Tel: 619.233.4565
   Fax: 619.233.0508
9  E-mail: ashingler@scott-scott.com

10 Attorneys for Plaintiff

11                UNITED STATES DISTRICT COURT

12    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13
14 KONSTANTINOS                     )   Case No:  C 07-5128 CRB
   MOSHOGIANNIS, individually       )
15 and on behalf of all others similarly )  **FIRST AMENDED COMPLAINT**
   situated,                        )   [*Class-Action Complaint*]
16                                   )
             Plaintiffs,             )   1. Cal. Lab. Code §§ 510 and 1194,
17                                   )   Failure to Pay Overtime
        v.                           )
18                                   )   2. Cal. Lab. Code § 203, Continuing
   USPROTECT CORPORATION,            )   Wages
19 and DOE ONE through and           )
   including DOE ONE-HUNDRED,        )   3. Cal. Lab. Code § 226, Failure to
20                                   )   Provide Accurate Pay Stubs
             Defendants.             )
21                                   )   4. Cal. Lab. Code § 226.7, Failure to
                                     )   Provide Rest and Meal Breaks
22                                   )
                                     )   5. Cal. Bus. & Prof. Code § 17200 *et seq.*
23                                   )
                                     )   6. Fair Labor Standards Act, 29 U.S.C. §
24                                   )   206, Minimum Wage
                                     )
25                                   )   7. Fair Labor Standards Act, 29 U.S.C. §
                                     )   207, Overtime
26                                   )
                                     )
27                                   )   **DEMAND FOR JURY TRIAL**

28

COMES NOW Plaintiff Konstantinos Moshogiannis, and for his causes of action against Defendant USPROTECT CORPORATION, alleges as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Konstantinos Moshogiannis ("Plaintiff" or "Moshogiannis") is an individual who, during the time periods relevant to this Complaint, was employed by the San Francisco Division of Defendant USPROTECT CORPORATION, within the State of California.

2.    Defendant USPROTECT CORPORATION ("USPROTECT") is a business organization incorporated in the State of Maryland and authorized to do business in the State of California and doing business at 50 United Nations Plaza, San Francisco, California 94102. USPROTECT provides security consulting, physical security and guard force protection services to numerous clients throughout many counties in California.

3.    Defendants DOE ONE through and including DOE ONE-HUNDRED are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities, and capacities, whether individual, corporate, or otherwise, of the said fictitiously named Defendants, but leave of Court will be prayed to amend this Complaint to insert the same herein when finally ascertained.  Plaintiff is informed, believes, and thereon alleges that each of the said fictitiously named Defendants is legally responsible for the acts, omissions, and damages hereinafter alleged.

## GENERAL ALLEGATIONS

4.    Defendant employed Moshogiannis to perform security-guard functions from at least November 2001 through on or about June 29, 2007, when Plaintiff was discharged.

5.    At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided:  "If an employer discharges an employee, the

wages earned and unpaid at the time of discharge are due and payable immediately," while section 202 of the California Labor Code provides for payment within 72 hours of employees who quit.

6.      At all relevant times mentioned herein, section 510 of the California Labor Code provided, in relevant part:

(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:

(1) An alternative workweek schedule adopted pursuant to Section 511.

(2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

7.      At all relevant times mentioned herein, section 1194 of the California Labor Code provided, in relevant part:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including

interest thereon, reasonable attorney's fees, and costs of suit.

8.     With regard to the employment of Plaintiff as described above, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 510 and Plaintiff's employment was not governed by a collective bargaining agreement as described in section 514 of the California Labor Code.

9.     During his employment with Defendant, Defendant failed to provide Plaintiff with overtime compensation as required by the California Labor Code and/or Industrial Welfare Commission Order No. 4-2001 ("Wage Order 4").  Plaintiff regularly labored in excess of eight (8) hours per workday but was not paid overtime for such labor in contravention of section 514 of the California Labor Code and Wage Order 4.

10.     To date, Plaintiff has not received all of his earned wages.

11.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

12.     At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

> (a) All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and

the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

13.    Defendant's failure to pay Plaintiff within the time provided by section 201 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and, accordingly, he is entitled to the "continuing wages" provided by section 203.

14.    At all relevant times mentioned herein, section 208 of the California Labor Code provided:

Every employee who is discharged shall be paid at the place of discharge, and every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor.  All payments shall be made in the manner provided by law.

15.    At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is

the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

16.    Throughout the period of Plaintiff's employment with Defendant, Defendant failed to provide him with the data required by section 226 of the California Labor Code. For example, Exhibit 1 is Plaintiff's pay stub for the period ending September 3, 2006. This pay stub fails to detail gross wages earned, total hours worked by the employee, net wages earned, or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

17.    At all relevant times mentioned herein, section 512(a) of the California Labor Code provided:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not

employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

18.    At all relevant times mentioned herein, section 226.7(b) of the California Labor Code provided:

If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

19.    Defendant regularly failed to provide Plaintiff with rest periods and meal periods during his periods of employment as required by sections 226.7 and 512 of the California Labor Code.  Defendant also regularly failed to provide Plaintiff with compensation for time spent traveling between two separate work locations on a single workday, requiring he commence work at one location and complete work at a separate location.  29 C.F.R. § 785.38.

20.    At all times relevant herein, Wage Order 4 provided, in relevant part:

3. HOURS AND DAYS OF WORK

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

. . . .

4. MINIMUM WAGES

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

. . . .

7. RECORDS

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

. . . .

11. MEAL PERIODS

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job

paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

. . . .

12. REST PERIODS

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

21.    Section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former

employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

22.     Pursuant to section 2699 of the California Labor Code, Plaintiff contends that he is entitled to recover civil penalties on behalf of himself and other former or current aggrieved employees for Defendant's violations of the California Labor Code.

23.     At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

24.    At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

25.    At all times relevant herein, section 558 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

26.    At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

## CLASS-ACTION ALLEGATIONS

21.    The class represented by Plaintiff (hereafter referred to as the "Class") consists of all natural persons who were tendered paychecks by Defendant in the United States during the period beginning four years prior to the filing of this Complaint (such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period").

22.    Defendant's failure to pay overtime, as required by section 510, entitles Plaintiff and each Class Member to their unpaid overtime wages and interest in accordance with section 1194 of the California Labor Code.

23.    Defendant's failure to make payments within the time provided by sections 201 or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiff and each Class Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages provided for by section 203.

24.    Defendant, as to each member of the class, also failed in some or all of the

pay stubs furnished to Class Members, to provide the data required by section 226 of the California Labor Code and that Defendant's failure to provide such data entitles Plaintiff and each Class Member to either actual damages or statutory damages, whichever is greater.

25.    Defendant's failure to provide rest and meal breaks as required by sections 226.7 and 512 of the California Labor Code entitles Plaintiff and each Class Member to at least one hour of pay for each workday he or she was not provided a rest and/or meal break.

26.    The number of Class Members is great, believed to be in excess of three hundred persons, but fewer than two-thousand persons.  It therefore is impractical to join each Class Member as a named Plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

27.    Despite the size of the proposed class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

28.    Common questions of fact and of law predominate in the Class Member's claims over individual issues regarding the money owed to each Class Member.

29.    There is a well-defined community of interest in the questions of law and fact common to the Class Members.

30.    Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by the California Labor Code and Defendant did not furnish to the Class Members the information required by Section 226 of the Labor Code.  Plaintiff has no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

31.    A class action is a superior method for the fair and efficient adjudication of this controversy.  The persons within the Class are so numerous that joinder of all of

them is impracticable.  The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court.  The interest of the Class Members in controlling the prosecution of separate claims against Defendant is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

32.    Plaintiff seeks to represent all natural persons who were tendered paychecks by Defendant during the three years preceding the filing of this Complaint and not paid in accordance with the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  (All persons described in paragraph 32 herein shall be referred to as "Collective-Action Members.")

33.    Plaintiff is similarly situated to the Collective-Action Members in that Plaintiff and the Collective-Action Members were employed by Defendant and in that Defendant did not pay Plaintiff and the Collective-Action Members their minimum wages or overtime compensation by the next regularly scheduled payday.

34.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

35.    All Collective-Action Members should be given notice and be allowed to give their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF
(Cal. Lab. Code §§ 510 and 1194, Failure to Pay Overtime)

36.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

37.     Defendant, by failing to pay Plaintiff and the Class Members their overtime, has violated section 510 of the California Labor Code.  Plaintiff and the Class Members are, accordingly, entitled to recovery of the unpaid balance of the full amount of their overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

## SECOND CLAIM FOR RELIEF
### (Cal. Lab. Code § 203, Continuing Wages)

38.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

39.     Plaintiff was discharged on or about June 29, 2007, but was not provided his wages within the time provided by section 201 of the California Labor Code, despite Defendant's knowledge of its obligation to do so. Defendant's actions were "willful" within the meaning of section 203 of the California Labor Code.

40.     Plaintiff and each Class Member who was discharged or quit, are therefore entitled to continuing wages from the date on which his or her final wages were due until the date on which Defendant makes payment of the wages, not to exceed thirty days.

## THIRD CLAIM FOR RELIEF
### (Cal. Lab. Code § 226, Failure to Provide Accurate Pay Stubs)

41.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

42.     Defendant employed Plaintiff and the Class Members but failed to provide them with the data required by section 226 of the California Labor Code.  Specifically, Defendant failed to provide the following information under California Labor Code section 226: pay stub fails to detail gross wages earned, total hours worked by the employee, net wages earned, or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Cal. Lab. Code § 226.

43.     Accordingly, Plaintiff and each Class Member are entitled to damages, and Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of California Labor Code § 226(e).

## FOURTH CLAIM FOR RELIEF
### (Cal. Lab. Code § 226.7, Failure to Provide Rest and Meal Breaks)

44.     Plaintiffs replead, reallege, and incorporate by reference each and every

allegation set forth in the Complaint.

45.    During the Class Period, Plaintiff and the Class Members were not provided time to take ten-minute rest periods during their work shifts.

46.    During the Class Period, Plaintiff and the Class Members were not provided time to take non-working thirty-minute meal breaks during their work shifts.

47.    Accordingly, Plaintiff and each Class Member are entitled to compensation of at least one hour of pay for each workday during which he or she was not provided the proper ten-minute rest period.  Likewise, each Class Member is entitled to compensation of at least one hour of pay for each workday during which he or she was not provided the proper rest and/or meal break.

## FIFTH CLAIM FOR RELIEF

(Request for Restitution and Injunctive Relief for Illegal Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*)

48.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

49.    Plaintiff is suing both in his individual capacity and on behalf of the general public, and he is a proper representative Plaintiff because he has suffered direct harm from the illegal business practices herein alleged.

50.    Beginning at an exact date unknown to Plaintiff, Defendant has committed acts of unfair business practice as defined in California Business and Professions Code section 17200 *et seq.* by engaging in the following acts and practices:  (1) failing to provide overtime compensations to its employees in accordance with section 510 of the California Labor Code; (2) failing to pay its discharged employees in accordance with sections 201, 202, and 203 of the California Labor Code; (3) failing to provide rest and meal breaks to its employees in accordance with sections 226.7 and 512 of the California Labor Code; (4) providing pay stubs that do not include the data required by section 226 of the California Labor Code; (5) violating provisions of the applicable Wage Order; (6) violating the Fair Labor Standards Act; and (7) violating the Code of Federal

1    Regulations.

2         51.    The acts and practices as described in the paragraph above violate Business

3    and Professions Code section 17200 *et seq.* in the following respects:

4         (a)    Defendant's policy and practice of failing to pay its employees minimum

5                wage and overtime compensation violates sections 510 and 1194 of the

6                California Labor Code and the Fair Labor Standards Act, and, consequently,

7                constitutes an unlawful business act or practice within the meaning of

8                Business and Professions Code section 17200 *et seq.*;

9         (b)    Defendant's policy and practice of failing to pay its discharged or quitting

10                employees at the times mandated by sections 201 and 202 of the California

11                Labor Code constitutes an unlawful business act or practice within the

12                meaning of Business and Professions Code section 17200 *et seq.*;

13         (c)    Defendant's policy and practice of failing to provide its employees with rest

14                and meal periods violates sections 226.7 and 512 of the California Labor

15                Code and, consequently, constitutes an unlawful business act or practice

16                within the meaning of Business and Professions Code section 17200 *et seq.*;

17         (d)    Defendant's policy and practice of failing to provide certain pay-stub data

18                violates section 226 of the California Labor Code and, consequently,

19                constitutes an unlawful business act or practice within the meaning of

20                Business and Professions Code section 17200 *et seq.*;

21         (e)    Defendant's violation of the Fair Labor Standards Act is in contravention of

22                federal law and, consequently, constitutes an unlawful business act or

23                practice within the meaning of Business and Professions Code section 17200

24                *et seq.*

25         (f)    Defendant's violation of the applicable Wage Order is in contravention of

26                state law and, consequently, constitutes an unlawful business act or practice

27                within the meaning of Business and Professions Code section 17200 *et seq.*; and

28                and

(g)    Defendant's policy and practice of failing to pay its employees the local going-wage rate in accordance with its contracts with the United States Government violates federal law and, consequently, constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200 *et seq.*

52.    Under section 17200 *et seq.* of the Business and Professions Code, this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Defendant through its unlawful and unfair business practices.

53.    Plaintiff and the Class Members are, therefore, entitled to a judgment of this Court requiring Defendant to pay to Plaintiff and each identifiable Class Member the unpaid overtime compensation, continuing wages, and/or one hour of additional compensation for each missed rest and meal period, to which such individuals were and are entitled but which have been denied them by reason of Defendant's conduct alleged herein.

54.    In other words, Plaintiff and the Class Members are entitled to restitution of their unpaid overtime compensation, continuing wages, one hour of additional compensation for each missed rest and meal period improperly withheld by Defendant, and the money unlawfully withheld by Defendant when failing to pay its employees the local going-wage rate, as such funds should be distributed to the individuals who are rightfully entitled to such monies.

55.    The named Plaintiff is a proper person to bring this litigation as a "representative action" to compel restitution.  The named Plaintiff is a person who has suffered damage as a result of the unlawful actions of Defendant herein alleged.  The actions of Defendant herein alleged are in violation of various statutes and in contravention of established public policy, and, accordingly, a court order compelling it to cease and desist from such actions and to make restitution is a vindication of an important public right.  The extent to which Defendant has been unjustly enriched as a

result of its unlawful and unfair business practices is a matter that can be ascertained by examination of the payroll and accounting records that Defendant is required by law to keep and maintain and that Defendant has kept and maintained.

56.     The identity of the persons to whom restitution should be made is a matter that can be ascertained from those records that Defendant is required by law to keep and maintain and that it has kept and maintained.

57.     Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5.  Moreover, because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," id., Plaintiff requests that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

58.     Plaintiff and the Class Members have no plain, speedy, or adequate remedy at law, inasmuch as Defendant, unless enjoined by an order of this Court, will continue to violate systematically the provisions of sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 of the California Labor Code, the applicable Wage Order, the Fair Labor Standards Act and the Code of Federal Regulations.

59.     Accordingly, injunctive relief is proper and necessary pursuant to section 17203 of the California Business and Professions Code.

60.     Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

### SIXTH CLAIM FOR RELIEF
(29 U.S.C. § 206, Minimum Wage)

61.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

62.     At all times relevant herein, 29 U.S.C. § 203 (d) of the Fair Labor Standards

Act defined employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Upon information and belief, Defendant operates an enterprise engaged in commerce within the meaning of the FLSA. Defendant is an employer or one acting in the interest of an employer.

63.    Defendant, by not paying Plaintiff and the Collective-Action Members all wages owing by the next regularly scheduled payday, has violated the Fair Labor Standards Act by failing to provide at least minimum wages to Plaintiffs and the Class Members as required by 29 U.S.C. § 206. Defendant's failure to pay Plaintiffs and the Collective-Action Members the proper wages required by law was willful. Accordingly, Plaintiffs and the Class Members are entitled to be paid liquidated damages, attorney's fees and costs, according to proof, in accordance with 29 U.S.C. § 216 (b).

## SEVENTH CLAIM FOR RELIEF
(29 U.S.C. § 207, Overtime)

64.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

65.    Defendant, by not paying Plaintiff and the Collective-Action Members the overtime wages due and owing to them, have violated the Fair Labor Standards Act, 29 U.S.C. § 207. Accordingly, Plaintiff and the Collective-Action Members are entitled to be paid the balance of their unpaid overtime wages, liquidated damages, attorneys' fees, and costs, according to proof, in accordance with 29 U.S.C. § 216(b).

## EIGHTH CLAIM FOR RELIEF
(Cal. Lab. Code § 2699, Civil Penalties under Lab. Code Private Attorneys General Act)

66.    Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the Complaint.

67.    Pursuant to California Labor Code section 2699.3(a)(1), on or about August 31, 2007, Plaintiff Konstantinos Moshogiannis gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendant USProtect Corporation, through its registered agent for process of service, CT Corporation System,

of the specific provisions of the California Labor Code alleged to have been violated,

including the facts and theories specified in the original complaint filed July 26, 2007.

68.    At all relevant times herein, California Labor Code section 2699.3(a)(2)(A)

provided:

> The agency shall notify the employer and the aggrieved employee or
> representative by certified mail that it does not intend to investigate the
> alleged violation within 30 calendar days of the postmark date of the notice
> received pursuant to paragraph (1). Upon receipt of that notice or if no
> notice is provided within 33 calendar days of the postmark date of the notice
> given pursuant to paragraph (1), the aggrieved employee may commence a
> civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A).  More than thirty-three calendar days has passed since

the postmark date of the notice sent to the LWDA on or about August 31, 2007, and no

notice has been received by the LWDA that it does not intend to investigate.

Accordingly, Plaintiff "may as a matter of right amend [the] existing complaint to add a

cause of action arising under this part within 60 days of the time periods specified in this

part." Cal. Lab. Code § 2699.3(a)(2)(C).

69.    Section 210 of the California Labor Code provides for civil penalties for

each violation of section 204.  Section 558 of the California Labor Code provides for

civil penalties for each violation of sections 510 and 512.  Section 226.3 of the California

Labor Code provides for civil penalties for each violation of section 226 (a).  Section

1197.1 provides for civil penalties for each violation of section 1194.  Section 2699(f) of

the California Labor Code provides for civil penalties for violations of the California

Labor Code, for which a specific civil penalty is not provided, which here includes, *inter*

*alia*, sections 201, 202, and 226.7.  Section 2699(a) provides that civil penalties may be

"recovered through a civil action brought by an aggrieved employee on behalf of himself

or herself and other current or former employees."  Section 2699(g) provides that an

employee who prevails in a civil action under section 2699 shall be entitled to an award

of reasonable attorneys' fees and costs.

70.    The State of California and Plaintiff are, therefore, entitled to civil penalties, attorneys' fees, and costs according to proof.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That this Court certify the Class and the Collective Action described in this Complaint.

2.    That, with respect to the First Cause of Action, this Court enter judgment in favor of Plaintiff and the Class Members for payment of their unpaid overtime compensation, interest thereon, reasonable attorneys' fees and costs of suit, according to proof, in accordance with section 1194(a) of the California Labor Code.

3.    That, with respect to the Second Cause of Action, it be adjudged that the failure of Defendant to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful" within the meaning of section 203 of the California Labor Code and that this Court award Plaintiff and Class Members continuing wages according to proof.

4.    That, with respect to the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members for damages, reasonable attorney's fees, and costs of suit, each according to proof, in accordance with section 226(e) of the California Labor Code.

5.    That, with respect to the Fourth Cause of Action, Plaintiff and Class Members be awarded judgment, interest, and costs, according to proof.

6.    That, under the Fifth Cause of Action, it be adjudged that Defendant's violations of sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 of the California Labor Code, violated section 17200 *et seq.* of the California Business and Professions Code. Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Plaintiff Classes, with interest, in the form of the overtime compensation, wages, continuing wages unlawfully retained by Defendant, meal-and-rest break wages unlawfully withheld by Defendant, and the money unlawfully withheld by

Defendant when it failed to pay its employees the local going-wage rate.  Furthermore, Plaintiff requests that the Court issue an order or decree pursuant to section 17203 of the California Business and Professions Code that permanently enjoins Defendant from pursuing its practice of violating sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 of the California Labor Code.  Finally, Plaintiff requests that the Court award Plaintiff his reasonable attorney's fees and costs incurred in the prosecution of the Fourth Cause of Action pursuant to section 1021.5 of the California Code of Civil Procedure.

7.    That, with respect to the Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and the Collective-Action Members and declare that Defendant violated the FLSA, declare that Defendant's violations were willful, award damages for their unpaid wages as required by the FLSA, as well as liquidated damages according to proof, reasonable attorney's fees, and costs of suit, including expert witness expenses, in accordance with 29 U.S.C. § 216(b).

8.    That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of Plaintiff and the Collective-Action Members and declare that Defendant violated the FLSA, declare that Defendant's violations were willful, award damages for their unpaid overtime compensation as required by the FLSA, as well as liquidated damages according to proof, reasonable attorney's fees, and costs of suit, including expert witness expenses, in accordance with 29 U.S.C. § 216(b).

9.    With respect to the Eighth Cause of Action, that it be adjudged that the State of California and Plaintiff be awarded their civil penalties, attorneys' fees and costs, according to proof and pursuant to California Labor Code sections 2699, 210, 226.3, 558, and 1197.1

10.    For such further relief as the Court may order.

Plaintiff demands a trial by jury as to all counts.

DATED:    November 7, 2007                    HARRIS & RUBLE:


                                                    /s/ Alan Harris

Alan Harris
*Attorney for Plaintiff*


DATED:      November 7, 2007            SCOTT + SCOTT, LLC:


_____/s/ Arthur L. Shingler_____
Arthur L. Shingler, III
*Attorney for Plaintiff*

# PROOF OF SERVICE

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action.  My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036.  On November 7, 2007, I served the within documents: **FIRST AMENDED COMPLAINT**

I served the above document(s) via United States District Court Electronic Filing Service as set for the below:

Steven R. Blackburn
Matthew A. Goodin
Epstein Becker & Green, P.C.
One California Street, 26th Floor
San Francisco, CA 94111-5427

I declare under penalty of perjury that the above is true and correct.  Executed on November 7, 2007, at Los Angeles, California.


         /s/ Abigail Treanor
         Abigail Treanor