Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: (323) 931-3777
Fax: (323) 931-3366
E-mail: law@harrisandruble.com;
atreanor@harrisandruble.com

Arthur L. Shingler III (SBN 181719)
Hal Cunningham (SBN 243048)
SCOTT + SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
Tel: (619) 233-4565
Fax: (619) 233-0508
E-mail: ashingler@scott-scott.com;
hcunningham@scott-scott.com

Judy Scolnick, Appearing *Pro Hac Vice*
SCOTT + SCOTT LLP
75 Rockefeller Plaza, Suite 1915
New York, NY 10019
Tel: (212) 223-6444
E-mail: jscolnick@scott-scott.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KONSTANTINOS MOSHOGIANNIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USPROTECT CORPORATION, and DOE ONE through and including DOE ONE-HUNDRED,<br><br>Defendants. | Case No: C 07-5128 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Assigned to the Honorable Jeremy Fogel, Courtroom 3<br><br>Date: January 25, 2008<br>Time: 10:30am<br>Place: 280 S. First Street<br>         San Jose, CA 95113<br>         Courtroom 3, 5th Floor |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, a conference was held by telephone on January 7, 2008, and was attended by Abigail Treanor of Harris & Ruble and Judy Scolnick and Hal Cunningham of Scott + Scott LLP, on behalf of Plaintiff Konstantinos Moshogiannis ("Plaintiff" or "Moshogiannis"), and by Steven R. Blackburn and Matthew A. Goodin of Epstein Becker & Green on behalf of Defendant USProtect Corporation ("Defendant" or "USProtect") (collectively, the "Parties"). The Parties jointly submit this Case Management Statement.

## 1. Jurisdiction and Service

This case was originally filed in the Superior Court of California for the County of San Francisco on July 26, 2007, alleging seven causes of action under the California Labor Code, California Business & Professions Code, and the Fair Labor Standards Act. On October 5, 2007, Defendant filed its Notice of Removal pursuant to the provisions of 28 U.S.C. § 1441(b). Plaintiff has two claims of relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Jurisdiction of this Court over this action is predicated on 28 U.S.C. § 1331.

All parties have been served and have appeared.

## 2. Facts

USProtect Corporation provides security and investigation services primarily but not exclusively to federal agencies. Those services include, among other things, providing armed security officers to guard government facilities. USProtect provides such security services pursuant to contracts with federal, state, and District of Columbia governmental agencies.

Plaintiff in this case is a former security officer representing himself and seeking to represent all former and current security officer employees of USProtect in a class action and collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiff contends that USProtect has violated various California wage-and-hour statutes and regulations and the FLSA, including working through meal-and-rest breaks, failure to pay wages when due, failure to provide adequate information on pay stubs, and failure to pay proper overtime.

USProtect denies the allegations of the named plaintiff and contends that USProtect has followed all applicable laws.

The principal factual issues which the Parties dispute include, but are not necessarily limited to:

(i) Whether USProtect expected and/or directed some or all of its security officers to report to work 15 to 30 minutes prior to the start of their shift and suffered or permitted them to work without pay;

(ii) Whether USProtect failed to provide compensation to its security officers who traveled between job sites;

(iii) Whether security officers' conduct during their meal and/or breaks was so restricted as to render the meal breaks as actually working time for which compensation is required;

3. **Legal Issues**

Disputed legal issues include, but are not necessarily limitited to:

(i) Whether USProtect failed to obtain proper and timely duty-free meal periods waivers for some or all security officers who did not receive a meal period as specified in 8 California Code of Regulations ("C.C.R.") §11020(11);

(ii) Whether USProtect failed to provide proper and timely duty-free rest periods for some or all security officers as specified in 8 California Code of Regulations ("C.C.R.") §11020(12);

(iii) Whether USProtect failed to pay its discharged or quitting employees at the times mandated by sections 201 and 202 of the California labor Code;

(iv) Whether USProtect failed to provide certain pay-stub data required under section 226 of the California Labor Code;

(v) Whether USProtect failed to pay its security officers overtime in compliance with the FLSA;

(vi) Whether USProtect failed to pay its security officers wages in compliance with the California Labor Code;

(vii) Whether each of the above-described failures to comply with the California Labor Code or the FLSA were willful;

(viii) Whether Plaintiff may pursue his suit as a class action under Rule 23 of the Federal Rules of Civil Procedure, and if so, what is the proper scope of that class;

(ix)  Whether Plaintiff may pursue his suit as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and if so, what is the proper scope of that collective action;

(x)  Whether some or all of Plaintiffs' claims are barred by the Service Contract Act, the Contract Work Hours and Safety Standards Act, and/or the Fair Labor Standards Act;

(xi)  Whether the time Plaintiff allegedly worked off the clock, including during meal breaks and preliminary and postliminary time, is compensable as a matter of law;

(xii)  Whether the applicable statute of limitations on Plaintiff's FLSA claim is two or three years;

(xiii)  Whether liquidated damages are appropriate under Plaintiff's FLSA claim;

(xiv)  Whether some or all of Plaintiff's claims are barred by his failure to follow the internal grievance procedure in any applicable collective bargaining agreement governing his employment;

(xv)  Whether some or all of Plaintiff's claims are barred by a daily overtime opt-out provision in any applicable collective bargaining agreement governing his employment;

(xvii)  Whether Plaintiff has standing to pursue some or all of his claims;

(xviii)  Whether some or all of Plaintiff's claims are barred by a settlement between the Department of Labor and USProtect; and

(xix)  Whether some or all of Plaintiff's claims are barred by res judicata and/or collateral estoppel resulting from decisions of the California Department of Industrial Relations / Labor Commissioner that have not been appealed.

4. **Motions**

Plaintiff will file a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff will also file a motion for certification of a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff reserves the right to file a motion for summary judgment or partial summary judgment.

Defendants will oppose these motions. Defendant further reserves the right to file a motion to "decertify" or narrow the FLSA class and/or any Rule 23 class. Defendant further reserves the right to move to strike or sever any or all FLSA opt-in consent forms filed in this matter, and/or to dismiss the FLSA and/or Rule 23 class claim(s) or narrow the class(es) after completion of discovery. Finally,

1  Defendant reserves the right to file a motion to dismiss and/or for summary judgment or partial summary
2  judgment.
3  **5.   Amendment of Pleadings**
4       Plaintiff filed his First Amended Complaint on January 8, 2008. No further amendments are
5  anticipated at this time.
6       Defendant does not anticipate amendent to its answer at this time, although it reserves the right to
7  seek leave to amend its answer to assert additional affirmative defenses based on later-discovered facts.
8  **6.   Evidence Preservation**
9       Both parties have taken, and will continue to take all necessary steps to preserve evidence relevant
10 to this matter.
11 **7.   Disclosures**
12      Plaintiff and Defendant will make their initial disclosures pursuant to Federal Rule of Civil
13 Procedure 26(a)(1) by January 25, 2008.
14 **8.   Discovery**
15      The parties agree to the following plan and schedule for discovery:
16      **A.   Discovery Schedule**
17      The period for fact discovery will begin immediately and be completed no later than January 26,
18 2009. The parties will serve discovery sufficiently in advance of the completion date so the producing
19 party's response or discovery event (e.g. a deposition) occurs on or before January 26, 2009. To the extent
20 discovery motion practice is required, all such motions not decided before January 26, 2009, shall be fully
21 briefed by February 27, 2009.
22      **B.   Format for Document Production**
23      The parties are negotiating a stipulation regarding the format for the production of documents.
24      **C.   Protective Order**
25      The parties are negotiating a protective order to govern the production of confidential material.
26      **D.   Privilege Logs**
27
28

1    Privilege logs and supplements thereto shall be provided in compliance with Federal Rules of
2    Civil Procedure Rule 26(b)(5), no longer than 60 days following the production from which privileged
3    documents are withheld.

4    E.    **Written Discovery**
5        1.    Interrogatories shall be limited to 40 per side, including sub-parts.
6        2.    There will be no limit on the number of requests for production of documents or
7    requests for admissions that may be served on the parties.
8        3.    Written discovery responses, including production of responsive documents
9    (subject to any objections that have not been ruled upon), and/or objections to discovery shall be served
10   within 30 days of service of the discovery requests.

11   F.    **Depositions**
12       1.    Absent good cause shown, depositions taken upon entry of this Order by the Court
13   shall be limited to no more than 30 per side (excluding experts), plus those depositions of the parties'
14   designated witnesses as set forth in Paragraph 8(I). Depositions taken for the sole purpose of establishing
15   the authenticity and admissibility of documents shall not count against the 30 deposition limit.  Plaintiff
16   proposes to limit Defendant to deposing a representative sample of no more than five of the FLSA opt-
17   ins. Defendant opposes any limitation on depositions of FLSA opt-ins and proposes that such depositions
18   not count against the 30-deposition limit.  If any such limit on deposing opt-ins is imposed, Defendant
19   requests that it at least be allowed to depose a sample of opt-ins that is statistically significant in size.
20       2.    Each fact deposition will be no more than 7 hours in length as set forth in Federal
21   Rule of Civil Procedure 30(d)(2). Plaintiffs and defendants may each designate up to two (2) depositions
22   which may be no more than 14 hours in length without seeking leave of the Court.
23       3.    The parties and affected non-parties may stipulate to additional time for individual
24   depositions. Absent agreement of the parties, the length of the depositions provided for in this Statement
25   may by modified by order of this Court only for good cause shown.
26       4.    Expert discovery will begin after fact discovery closes.  No later than 30 days
27   following the close of discovery, the Parties shall simultaneously designate all experts who may be called
28   to give opinion testimony at trial.  Preparation and service of expert reports shall follow the Federal Rules

of Civil Procedure. The parties shall have 30 days after the service of all expert reports to disclose any rebuttal experts and to serve the reports of any rebuttal experts. Depositions of experts, including rebuttal experts, shall be completed within six (6) weeks of the deadline for disclosing rebuttal experts.

G. **Discovery Motions**

In order to expedite the resolution of discovery disputes, discovery motions shall be by letter brief and limited to ten single-spaced pages. Oppositions shall be filed within seven days of such motions and shall also be by ten-page letter briefs. There shall be no right to reply and all briefing must be completed within three days of any hearing date.

H. **Confidential Information**

Discovery and production of confidential information shall be governed by the Protective Order referenced above. A copy of the Protective Order shall be included with any discovery requests, notices or subpoenas directed to non-parties.

9. **Class Actions**

Plaintiff anticipates filing a motion for preliminary approval of certification of a collective action under the Fair Labor Standards Act by February 15, 2008. Defendant will oppose preliminary approval of the FLSA collective action and will oppose the issuance of any FLSA notice.

10. **Related Cases**

On November 1, 2007, this Court ordered that this case be deemed related to Swanson v. USProtect Corporation, Case No. 05-00602 JF.

11. **Relief**

On their California Labor Code claims, plaintiff, on behalf of himself and class members, seeks payment for unpaid overtime compensation, interest thereon, reasonable attorneys' fees and costs of the suit. In addition, pursuant to the California Labor Code, plaintiff seeks, on behalf of himself and class members, seeks compensation of at least one hour per day for each workday during which plaintiff and class members were not provided with the proper 10-minute rest period and at least one hour per day for each workday during which plaintiff and class members were not provided with the proper meal period.

On their Unfair Competition Law ("UCL") claims, plaintiff seeks, on behalf of class members, restitution to plaintiffs and members of the class, with interest, in the form of overtime compensation,

wages, continuing wages unlawfully retained by Defendant, meal and rest break wages unlawfully withheld by defendant, money unlawfully withheld by defendant by failing to compensate employees at the local going-wage rate, and reasonable attorneys' fees and costs incurred in the prosecution of the UCL claims. Pursuant to the UCL, plaintiff also seeks that the Court issue a decree that permanently enjoins defendant from further violations of the California Labor Code.

On their Fair Labor Standards Act ("FLSA") claims, plaintiff seeks, on behalf of himself and class members, award damages for unpaid wages, liquidated damages according to proof for their unpaid overtime compensation and reasonable attorneys' fees and costs of the lawsuit.

Defendant denies that Plaintiff or any putative class member has been damaged in any sum, or at all.

### 12. Settlement and ADR

The Parties are willing to participate in mediation after approximately 180 days to allow the parties to conduct sufficient discovery and further investigation.

The parties are also willing to attend a settlement conference conducted by a United States Magistrate Judge at a time and place to be designated by the Court.

### 13. Consent to Magistrate Judge for All Purposes

Neither Plaintiff nor Defendant are willing to consent to have a United States Magistrate Judge conduct all further proceedings including trial and entry of judgment in this matter.

### 14. Other References

The Parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At this time, the Parties are unable to narrow any issues by agreement and believe it is premature to suggest ways to expedite the presentation of evidence at trial. The parties will continue to revisit the issue and explore ways to narrow issues. The parties do not have any requests to bifurcate issues, claims or defenses, but reserve all rights to present such requests at the appropriate time.

Defendants plan on filing any number of motions which may narrow or eliminate issues for trial, such as a motion to dismiss, for summary judgment or partial summary judgment, a motion to sever or strike FLSA opt-in consents, and/or a motion to decertify a collective and/or class action.

**16.  Expedited Schedule**

The Parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

**17.  Scheduling**

   a. Collective-action and class discovery to be completed by January 26, 2009.

   b. All fact discovery to be completed by January 26, 2009. Expert discovery to be completed within 120 days of completion of fact discovery.

**18.  Trial**

Plaintiff requests that this case be tried by a jury. The Parties will have a better estimate as to the length of trial after the class-certification and collective action-certification hearings are completed.

**19.  Disclosure of Non-Party Interested Entities or Persons**

Plaintiff identifies the following persons or entities pursuant to Civil Local Rule 3-16, to be persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

   a. Konstantinos Moshogiannis, Plaintiff
   b. USProtect Corporation, Defendant
   c. Alan Harris, Harris & Ruble, attorney for Plaintiff
   d. Abigail Treanor, Harris & Ruble, attorney for Plaintiff
   e. Arthur Shingler, Scott + Scott LLP, attorney for Plaintiff
   f. Judy Scolnick, Scott + Scott LLP, attorney for Plaintiff
   g. Hal Cunningham, Scott + Scott LLP, attorney for Plaintiff
   h. Harris & Ruble, law firm representing Plaintiff
   i. Scott + Scott LLP, law firm representing Plaintiff

JOINT CASE MANAGEMENT STATEMENT

j. Scott Mersnick, named plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

k. Michael D. Myers, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

l. Philip G. Spencer, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

m. Tracey D. Durbin, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

n. Troy C. Lawmaster, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

o. Jeremy Murphy, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

p. Robert H. LaGrone, Jr., FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

q. Trisha Jackson, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

r. Tim Robertson, FLSA-party plaintiff in <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT)

s. All other individuals who may elect to opt-in from <u>Mersnick v. USProtect Corporation, et al.</u>, Case No. 06-03993 RMW (PVT).

**20. Other matters**

None.

**21. Local Rule 16-9(b): Case Management Statement in Class Action**

(1) Plaintiff contends that this action is maintainable pursuant to the Federal Rule of Civil Procedure 23(b)(3).

(2) Plaintiff's proposes a class consisting of all former and current security officers (or similar positions) who were tendered paychecks by defendant in the United States during the period beginning four years prior to the filing of plaintiff's First Amended Complaint.

(3) Plaintiff contends that the number of class members is great, believed to be in excess of three hundred persons, but fewer than two-thousand persons and it is therefore impractical to join each class member as a named plaintiff. Plaintiff contends that for this reason, a class action is the most economical means of determining the merits of the litigation. Plaintiff contends that class members are readily ascertainable by an examination of the records that defendant is required by law to keep, and likewise, the dollar amount owed to each class member is ascertainable by an examination of those same records; that common questions of law and fact predominate in the class member's claims over individual issues regarding the money owed to each class member; and furthermore, that there is a well-defined community of interest in the questions of law and fact common to the class members. Plaintiff further contends that his claims are typical of the claims of the class members, which claims all arise from the same general operative allegations, namely, that defendant did not compensate its employees as required by the California Labor Code and defendant did not furnish information required by Section 226 of the Labor Code. Plaintiff contends that he has no conflict of interest with the other class members and is able to represent the class members' interests fairly and adequately.

Defendant denies that any of plaintiff's claims are suitable for class treatment under Rule 23(b)(3).

The proposed date for the Court to consider whether the case can be maintained as a class action is 30 days following fact discovery.

| | |
|---|---|
| DATED: January 18, 2008 | HARRIS & RUBLE: |
| | |
| | /s/ Abigail Treanor |
| | Alan Harris |
| | Abigail Treanor |
| | *Attorneys for Plaintiff* |
| | |
| DATED: January 18, 2008 | SCOTT + SCOTT LLP: |
| | |
| | /s/ Hal Cunningham |
| | Arthur L. Shingler III |
| | Judy Scolnick |
| | Hal Cunningham |
| | *Attorneys for Plaintiff* |
| | |
| DATED: January 18, 2008 | EPSTEIN BECKER & GREEN, P.C.: |
| | |
| | /s/ Matthew A. Goodin |
| | Steven R. Blackburn |
| | Matthew A. Goodin |
| | *Attorneys for Defendant* |

\*   \*   \*

I, Hal Cunningham, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Abigail Treanor has concurred in this filing.

/s/

HAL CUNNINGHAM

I, Hal Cunningham, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Matthew A. Goodin has concurred in this filing.

/s/

HAL CUNNINGHAM

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such a filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed on January 18, 2008.

/s/
_____
HAL CUNNINGHAM

SCOTT + SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508

```
 1
 2
 3
 4  DATED: January 18, 2008              HARRIS & RUBLE:
 5
 6                                       _____
 7                                       Alan Harris
                                         Abigail Treanor
 8                                       *Attorneys for Plaintiff*
 9
10  DATED: January 18, 2008              SCOTT + SCOTT LLP:
11
12                                       _____
13                                       Arthur L. Shingler III
                                         Judy Scolnick
14                                       Hal Cunningham
                                         *Attorneys for Plaintiff*
15
16  DATED: January 18, 2008              EPSTEIN BECKER & GREEN, P.C.:
17
                                         /s/ _____
18
19                                       Steven R. Blackburn
                                         Matthew A. Goodin
20
                                         *Attorneys for Defendant*
21
22
23
24
25
26
27
28
```

# Mailing Information for a Case 5:07-cv-05128-JF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steven R. Blackburn**
  sblackburn@ebglaw.com,dygarrett@ebglaw.com

- **Matthew A Goodin**
  mgoodin@ebglaw.com,bphillips@ebglaw.com

- **Alan Dale Harris**
  law@harrisandruble.com,atreanor@harrisandruble.com,dzelenski@harrisandruble.com

- **Arthur L. Shingler , III**
  ashingler@scott-scott.com,ssawyer@scott-scott.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Alan Harris
Harris & Ruble
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036

Judy Scolnick
Scott and Scott LLP
29 West 57th Street, 15th Flr.
New York, NY 10019

Abigail Ameri Treanor
Harris & Ruble
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
```