Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
mgoodin@ebglaw.com

Attorneys for Defendant,
USPROTECT CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| KONSTANTINOS MOSHOGIANNIS,<br><br>Plaintiff,<br><br>v.<br><br>USPROTECT CORPORATION,<br><br>Defendant. | CASE NO. C-07-5128 JF<br><br>**E-Filing**<br><br>**DEFENDANT USPROTECT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [Fed. R. Civ. Proc. 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
|---|---|

SF:158346v1

MOTION TO DISMISS
Case No. C-07-5128 JF

## NOTICE OF MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Please take notice that on March 7, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard in Judge Jeremy Fogel's courtroom located at 280 South First Street, San Jose, CA 95113, Defendant USProtect Corporation ("USProtect") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the entire action or any causes of action asserted therein. This motion is based on this notice of motion and memorandum of points and authorities, the request for judicial notice filed and served herewith, upon the papers, records and pleadings on file herein, and upon any oral argument at the hearing on the motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

Pursuant to Local Rule 7-4(a), USProtect defines the issues presented by this motion as follows:

1. Whether the Fourth, Sixth, and Seventh Causes of Action should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that these claims are barred by the Service Contract Act ("SCA") and/or the Contract Work Hours and Safety Standards Act and the Ninth Circuit's decisions in *Miscellaneous Service Workers, etc. v. Philco-Ford Corp., WDL Div.*, 661 F.2d 776 (9th Cir. 1981) (there is no private right of action under the SCA) and *United States ex rel. Sutton v. Double Day Office Servs.*, 121 F.3d 531, 533 (9th Cir. 1997) (employees may not bring a claim for wages or benefits under the SCA under the guise of another claim), or alternatively,

2. Whether the Sixth Cause of Action under the Fair Labor Standards Act should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff cannot establish that the total weekly wage paid by USProtect fails to meet the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement. *E.g.*, *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND SUMMARY OF FACTS**

Defendant USProtect is a Maryland corporation that provides security services at numerous sites across the country, including many federal installations. Although Plaintiff's First Amended Complaint is essentially devoid of any factual allegations, Plaintiff asserts claims for failure to pay overtime under California Labor Code §§ 510 and 1194 (First Cause of Action); failure to pay continuing wages under California Labor Code § 203 (Second Cause of Action); failure to provide accurate pay stubs pursuant to California Labor Code § 226 (Third Cause of Action); failure to provide meal and rest breaks pursuant to California Labor Code § 226.7 (Fourth Cause of Action); unfair business practices pursuant to California Business and Professions Code §§ 17200 *et seq*. (Fifth Cause of Action); failure to pay minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 (Sixth Cause of Action), and failure to pay overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (Seventh Cause of Action).

Critically, in one of the very few factual allegations in the First Amended Complaint, Plaintiff alleges that Defendant USProtect failed to pay its employees the "local going-wage rate in accordance with its contracts with the United States Government . . . ." First Amended Complaint, ¶ 51(g). This allegation establishes that the Service Contract Act (SCA), as amended, (41 U.S.C. §351, *et seq*.) and the Contract Work Hours and Safety Standards Act (CWHSSA) (40 U.S.C. § 3701 *et seq*.) apply to Plaintiff's employment.

Well-settled law holds that the SCA and the CWHSSA establish comprehensive administrative schemes that do not provide a private right of action to employees who are employed under contracts subject to these statutes; rather, the exclusive means of enforcing these statutes rests with the Secretary of Labor. The Ninth Circuit has held that plaintiffs cannot escape the lack of a private right of action by pleading what amounts to an SCA or CWHSSA claim under the guise of another cause of action. As will be demonstrated below, Plaintiff's state-law claims for failure to provide meal and rest periods and Plaintiff's claims for minimum

- 3 -

wages and overtime under the Fair Labor Standards Act do just that. Accordingly, they must be dismissed.

## II. LEGAL ANALYSIS

### A. Plaintiff's Fourth, Sixth, and Seventh Causes of Action are Barred by The Service Contract Act and the Contract Work Hours and Safety Standards Act

#### 1. The Service Contract Act and the Contract Work Hours and Safety Standards Act Apply To Plaintiff's Employment

Plaintiff alleges he was employed by USProtect to "perform security-guard functions" and that the Company failed to pay its employees the "local going-wage rate in accordance with its contracts with the United States Government . . . ." First Amended Complaint, ¶¶ 4, 51(g).

The SCA applies to every contract entered into by the United States in excess of $ 2,500 "the principal purpose of which is to furnish services in the United States through the use of service employees." 41 U.S.C. § 351(a). The contract between USProtect and the United States Government to perform security services is therefore subject to the SCA.

Plaintiff is also a "service employee" within the meaning of the SCA. A service employee is defined in 41 U.S.C. § 357(b) and 29 C.F.R. § 4.113(a)(1) and (b)(2) and includes any person performing work under a contract which is entered into by the Unites States which has as its principal purpose the furnishing of services in the United States. The definition includes "all such persons regardless of any contractual relationship that may be alleged to exist between a contractor or subcontractor and such persons." 41 U.S.C. § 357(b).

The SCA requires government contractors to pay service employees minimum prevailing wages and benefits determined by the Secretary of Labor and to include a provision in the contract specifying the applicable prevailing wage rate. 41 U.S.C. § 351(a); *United States ex rel. Sutton v. Double Day Office Servs.*, 121 F.3d 531, 533 (9th Cir. 1997). Where a collective bargaining agreement covers any such service employees, the rates for such employees set forth in the collective bargaining rate become the "prevailing wage" under the SCA. 41 U.S.C. § 351(a)(1).

- 4 -

The CWHSSA similarly applies to any contract "that may require or involve the employment of laborers or mechanics" if the contract "is one to which the Government, an agency or instrumentality of the Government, a territory, or the District of Columbia is a party." 40 U.S.C. § 3701(b)(1)(B)(i). The CWHSSA requires service employees to be paid at a rate equal to one-and-a-half times their "basic rate of pay" for all work in excess of 40 hours in one workweek. *See* 40 U.S.C. § 3702(a).

**2.     The Service Contract Act and the Contract Work Hours and Safety Standards Act Bar Private Actions Seeking Prevailing Wages**

In *Miscellaneous Service Workers, etc. v. Philco-Ford Corp., WDL Div.*, 661 F.2d 776 (9th Cir. 1981), after a thorough and extensive analysis, the Ninth Circuit held that the SCA does not confer a private right of action, concluding it would be "flatly inconsistent with the express provision of a limited governmental cause of action to imply a wide ranging private right of action as an alternative to a government suit." *Id*. at 780. The court further observed that where "Congress has established a regulatory scheme [like the SCA], the specification thereof *normally excludes duplicative judicial jurisdiction*." *Id*. at 780-781, emphasis added. Employees therefore have no standing to bring a private right of action against their employer for failing to compensate them as required in the employer's contract with the government. *Id*.; *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (under the SCA "an employee's *only* remedy is an administrative one") (emphasis in original).

The CWHSSA is a comprehensive administrative scheme identical to that of the SCA, and like the SCA, does not allow for a private right of action. 40 U.S.C. § 3703(b)(1); *Sopena v. Colejon Corp.,* 920 F. Supp. 259, 265 (D.P.R. 1996) ("like the Service Contract Act," [the CWHSSA] does not create a private remedy.") The court's reasoning and holding in *Miscellaneous Service Workers* therefore compels the same result under the CWHSSA.

In *United States ex rel. Sutton v. Double Day Office Servs.*, 121 F.3d 531 (9th Cir. 1997), the Ninth Circuit held that the lack of a private right of action under the SCA prevents a plaintiff from attempting an "end run" around the SCA by pleading what amounts to an SCA violation under the guise of another claim. *Sutton*, *supra*, 121 F.3d at 533, citing *Danielsen v. Burnside-*

- 5 -

1  *Ott Aviation Training Center*, 941 F.2d 1220 (D.C. Cir. 1991).  In *Danielson,* the court held that
2  allowing a plaintiff to pursue a private action under RICO for SCA-based damages would
3  undercut the intended specific remedy prescribed by Congress in the SCA. The Ninth Circuit in
4  *Sutton* was "persuaded by the D.C. Circuit's reasoning that a party may not bring an action for
5  the equivalent of SCA damages under the guise of another statute." *Sutton*, *supra*, 121 F.3d at
6  533.

### 3. Plaintiff's Claim For Failure to Provide Rest and Meal Periods Is Barred by the Service Contract Act and the Contract Work Hours and Safety Standards Act

Plaintiff's Fourth Cause of Action seeks "one hour of pay" for each missed meal and/or rest period. First Amended Complaint, ¶ 47.  The "one hour of pay" is grounded in California Labor Code § 226.7 which provides a remedy of "one hour of additional pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Here, the "regular rate of compensation" at which Plaintiff is compensated is the prevailing wage promulgated under the SCA.  This result is made clear by the California Supreme Court's recent holding in the case of *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007), which held that the "one hour of additional pay" in section 226.7 is a "premium wage," akin to the overtime premium of one-and-a-half times an employees hourly rate, and not a "penalty." *Id*. at 1113-1114.

*Sutton* makes clear that any claim seeking "lost wages" due to a "failure to pay prevailing wages" promulgated under the SCA is "equivalent to an SCA action" and is therefore barred. *Sutton*, *supra*, 121 F.3d at 534.  Plaintiff's wages here are governed by the SCA.  Any "premium wage" under section 226.7 must, therefore, be based on the "regular rate" set by the SCA.  Thus, Plaintiff's claim under section 226.7 is no different from the claim alleged in *Foster v. Parker Transfer Co.*, 528 F. Supp. 906 (W.D. Pa. 1981).  In that case, plaintiffs brought a "contract action" seeking damages for lost wages and fringe benefits.  The court first concluded that the "gravamen of their complaint is that they were not paid by the defendant in accordance with the schedules promulgated under the Service Contract Act." *Id*. at 906.  Citing to *Miscellaneous*

- 6 -

*Service Workers*, *supra*, the court held that the plaintiffs' claim, while not labeled as an SCA claim, was nonetheless barred because the SCA did not allow a private right of action. *Id*. at 906. *See also Oji v. PSC Environmental Management, Inc.*, 771 F.Supp. 232, 234 (N.D. Ill. 1991) (observing that *Miscellaneous Service Workers* holds that employees have no standing to sue their employer "for failing to compensate them as the terms of the employer's federal government contract required," and relying on that decision in dismissing claim for breach of contract under the SCA even though not labeled as such).

It does not matter that Plaintiff's claim here is based on a statute as opposed to a breach of contract theory. The court in *Danielsen v. Burnside-Ott Aviation Training Center*, 941 F.2d 1220, *supra*, held that plaintiff was barred from pursuing private action under RICO for SCA-based damages because allowing such a claim would undercut the intended specific remedy prescribed by Congress in the SCA. Nor does it matter that section 226.7 provides for a "premium" wage, i.e. a larger remedy than might be available under the SCA. The court in *Danielsen* held that plaintiff's RICO claim was barred by the SCA even though RICO provides for recovery of treble damages and attorney's fees:

> We agree with the Ninth Circuit that the implication of a private right under the SCA would undercut the specific remedy prescribed by Congress. . . . How much more the case where plaintiffs couch their complaint in terms of RICO to give them, not a remedy equal to that provided under the SCA, but three times that remedy? How much more still where their attorneys would be extracting their fees not from their clients but from the other side? Thus, the ingenious pleading of the action in RICO terms rather than in straight SCA language cuts against the implication of the right of action rather than in its favor.

*Danielsen*, *supra*, 941 F.2d at 1228.

This case is also analogous to that of *Grochowski v. Phoenix Constr. v. Ypsilon Constr. Corp.* (2d Cir. 2003) 318 F.3d 80. In that case, plaintiffs' employment was governed by the Davis-Bacon Act (DBA)[1] (applicable to work on federally funded projects) and the CWHSSA.

---

[1] The SCA is really a "little" Davis-Bacon Act for service workers, patterned as it was after the DBA which was enacted some 34 or so years earlier. *See* 29 C.F.R. § 4.101(c) ("Court decisions arising under the Act (as well as under related remedial labor standards laws such as . . . the Davis-Bacon Act . . .) which support policies and interpretations contained in this part [of the SCA regulations] are cited where it is believed they may be helpful.").

- 7 -

*Id*. at 83. The court first held that neither the DBA nor the CHWSSA confers a private right of action. The court affirmed dismissal of plaintiffs' breach of contract claim for failure to pay overtime and prevailing wages holding that such a claim was an impermissible end-run around the DBA. The court observed:

> At bottom, the plaintiffs' state-law claims are indirect attempts at privately enforcing the prevailing wage schedules contained in the DBA. To allow a third-party private contract action aimed at enforcing those wage schedules would be 'inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute.'

*Id*. at 86, quoting *Davis v. United Air Lines, Inc.*, 575 F. Supp. 677, 680 (E.D.N.Y. 1983) (rejecting common law contract claim as "end-run" around statute on remand after Second Circuit held the Vocational Rehabilitation Act provided no private right of action).

Any action for prevailing wages under the SCA, regardless of label, is barred by the lack of a private right of action under that statutory scheme. Because the remedy in section 226.7 is defined by the California Supreme Court as a "wage," it too is barred by the SCA.

### 4. **Plaintiff's Claim under the Fair Labor Standards Act is Barred by the Service Contract Act and the Contract Work Hours and Safety Standards Act**

As discussed above, the SCA requires government contractors to pay service employees minimum prevailing wages. 41 U.S.C. § 351(a); *Sutton*, *supra*, 121 F.3d at 533. The CWHSSA requires laborers to be paid at a rate equal to one-and-a-half times their "basic rate of pay" for all work in excess of 40 hours in one workweek. 40 U.S.C. § 3702 (a). The FLSA, identical to the CWHSSA, provides that an employee engaged in commerce be paid "at a rate not less than one and one-half times the regular rate at which he is employed" for all work performed in excess of 40 hours in one workweek. 29 U.S.C. 207(a)(1). The "regular rate" under the FLSA is defined as including "all remuneration paid to or on behalf of an employee" with exceptions for certain fringe benefits, the same benefits which are also excludable from the "basic rate" under the SCA and CWHSSA. *See* 41 U.S.C. § 355 (in determining the overtime rate under any Federal law, the hourly rate shall not include fringe benefits excluded under the FLSA).

1    Because the FLSA only requires payment of overtime for work in excess of 40 hours in
2    one workweek, Plaintiff's FLSA claim can only be based on allegations that USProtect violated
3    the FLSA by failing to pay overtime for work in excess of 40 hours per week.  Plaintiff's FLSA
4    claim, therefore, necessarily seeks damages which are identical to those available under the SCA
5    and/or the CWHSSA.  As a result, the FLSA claim cannot be allowed to stand, as it is in
6    impermissible attempt to "plead around" the SCA and CHWSSA under the guise of another
7    claim.   Plaintiff cannot be allowed to bypass the administrative scheme in the SCA and
8    CHWSSA simply by labeling what is truly a claim under the SCA and CWHSSA as an FLSA
9    claim.  *Danielsen v. Burnside-Ott Av. Training Ctr.*, 941 F.2d 1220, 1228-29 (D.C. Cir. 1991)
10   (concluding that a "private civil action, even couched in RICO terms, will not lie for an alleged
11   breach of the SCA."); *District Lodge No. 166, Int'l Ass'n of Machinists & Aerospace Workers v.*
12   *TWA Services, Inc.*, 731 F.2d 711, 717 (11th Cir. 1984) (refusing to permit plaintiffs to use writ
13   of mandamus to obtain "indirectly [the same] result from [their employer as] they were
14   precluded from seeking directly" under the SCA); *Vanzant v. Asphalt Products Inc.*, 1984 WL
15   3151, *2 (N.D. Ala. April 9, 1984) ("permitting a private remedy [under CWHSSA] would be
16   wholly inconsistent with the legislative plan of having the government enforce the right it
17   creates").

18    The court in *Foster v. Parker Transfer Co.*, 528 F.Supp. 906 (W.D. Pa. 1981) held that
19   plaintiffs' claim for prevailing wages under the SCA, while not labeled as an SCA claim, was
20   nonetheless barred because the SCA did not allow a private right of action.  The court further
21   observed that because plaintiffs did not allege that their wages fell below the minimum wage
22   prescribed by the FLSA, they had no independent claim under the FLSA.  *Id*. at 906.

23    Likewise, in this case, it is impossible for Plaintiff to contend his wages fell below the
24   minimum wage and therefore he has no FLSA claim independent of the SCA and/or CHWSSA.
25   Plaintiff has attached a paystub to his First Amended Complaint which reveals that his hourly
26   rate is $20.60.[2]  The paystub indicates he worked 40 hours per week (notably, in contravention of

---

[2] The paystub may be considered by the Court as part of Plaintiff's complaint in ruling on Defendant's motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989) (documents

- 9 -

SF:158346v1                                                         MOTION TO DISMISS
                                                                    Case No. C-07-5128 JF

Plaintiff's own allegations, no hours in excess of 40 in one workweek are shown). As of July 24, 2007, the current federal minimum wage is $5.85 per hour. At the time of the pay period reflected in Plaintiff's paystub, the minimum wage was $5.15 per hour, and had been since September 1, 1997. 29 U.S.C. § 206, and as earlier amended, Aug. 20, 1996, P.L. 104-188, Title II, §§ 2104(b), (c), 2105(c), 110 Stat. 1928, 1929; May 25, 2007, P.L. 110-28, Title VIII, Subtitle A, §§ 8102(a), 8103(c)(1)(B), 121 Stat. 188, 189. Plaintiff's pay rate of $20.60 per hour at the time is exactly four times the then-federal minimum wage. Thus, in order for Plaintiff to be paid below the federal minimum wage, *he would have had to work more than 160 hours per week*.[3] For all practical purposes, this is impossible since there are only 168 hours per week.

Plaintiff may point to cases such as *Masters v. Maryland Mgmt. Co.*, 493 F.2d 1329 (4th Cir. 1974) which hold that the SCA, CWHSSA and the FLSA are "mutually supplemental." However, such cases only hold that "none of the three statutes are mutually exclusive of the other, [and] the provisions of all may apply *so far as they are not in conflict.*" *Id.* at 1332. Here, the conflict between the SCA and the CWHSSA on the one hand, and the FLSA on the other, is inescapable. Indeed, the precise issue was addressed by the court in *Brown v. Luk, Inc.*, 1996 U.S. Dist. LEXIS 7173, 3 Wage & Hour Cas. 2d (BNA) 560 (N.D.N.Y. 1996), in which plaintiffs alleged they were paid below the prevailing wage required under the SCA, were not paid time-and-a-half on holidays, were not provided the total number of paid holidays required by law, and were not paid for on-call or travel time. Although the plaintiffs acknowledged that

---

attached to the complaint are treated as part of the complaint for purposes of a 12(b)(6) motion). Indeed, plaintiffs can plead themselves out of a claim by attaching a document to their complaint that is inconsistent with the allegations in the complaint: "[W]hen a written instrument contradicts allegations in the complaint to which it is attached, *the exhibit trumps the allegations.*" *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754 (7th. Cir. 2000) (emphasis added).

[3] 40 hours per week at $20.60 per hour amounts to $824 per week, and 160 x $5.15 = $824. Even if one assumes that any overtime hours would need to be compensated at one-and-a-half times the minimum wage rate (which they do not – see Section B, *infra*), Plaintiff would have to work 120 hours in order for this amount to fall below the minimum statutory rate under the FLSA, which is calculated as follows: 40 hours of straight time x $5.15 = $206.00, 80 hours of overtime x $7.73 (1.5 x $5.15) = $618.40. $206 + $618.40 = $824.40. Assuming Plaintiff worked 10 hours of overtime at the corresponding overtime rate of $30.90 ($1123.00), Plaintiff would then have to work 120 hours of overtime each week in order for his wages to fall below the FLSA statutory minimum rate – (40 x $5.15) + (120 x $7.73) = $1126.60. In other words, the more hours Plaintiff actually worked at USProtect, the *more likely* his FLSA claim is barred.

- 10 -

they could not bring a private action under the SCA, they claimed that the SCA is "mutually supplemental" to the FLSA and CWHSSA, and thus the prevailing wage rates under the SCA must be used to determine the correct pay rate. The court held that plaintiffs' claims for prevailing wage rates and holiday pay were barred under the Ninth Circuit's reasoning in *Miscellaneous Service Workers* because an employee's remedies under the SCA "are restricted to administrative channels." *Id*. at * 11. Plaintiffs' suit, the court concluded, was an impermissible attempt to circumvent the SCA administrative scheme by "labeling their prevailing wage rate and holiday pay claims as arising under the CWHSSA and FLSA . . . and importing the SCA regulations as the measure of their damages." *Id*. at *10-11. The court further concluded that plaintiffs' claims were not saved by decisions, such as *Masters*, holding that the FLSA, SCA and CWHSSA are "mutually supplemental." The court held that because plaintiffs' FLSA claim sought relief available under the SCA, it conflicted with the administrative enforcement mechanism under the SCA.

The result in *Brown* is entirely supported by the reasoning in *Sutton* and *Danielson*. Indeed, it is compelled by those decisions, and the same result must be reached here.

**B.   Alternatively, Plaintiff's Sixth Cause of Action Fails Because He Cannot Establish His Weekly Pay Fell Below the Minimum Wage**

Plaintiff's Sixth Cause of Action alleges that USProtect has violated section 206(a) of the FLSA by failing to provide minimum wages to Plaintiff. However, the minimum wage provision of the FLSA is not violated "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986), citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960); *Dove v. Coupe*, 759 F.2d 167, 172 (D.C. Cir. 1985); *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1197-98 (4th Cir. 1969). Overtime rates simply do not figure into the calculus under section 206(a). As explained by the court in *Klinghoffer*:

> The language and function of [the overtime requirements of] § 207(a) differ from § 206(a), and the overtime cases cited by the government are not controlling on the interpretation of the minimum wage provision. Section 207 (a) requires overtime payments to be made at one and one-half times the 'regular rate.' . . . .The particular wording of § 207(a), which is the basis of the overtime cases, is not found in § 206(a), which simply requires minimum wage payments 'at the [statutory rate].

*Id*. at 494.

Thus, as established above, Plaintiff would have to work more than 160 hours work week in order to establish a claim under section 206(a) of the FLSA.  Unless Plaintiff is prepared to amend his Complaint to allege, subject to Rule 11, that he worked more than 160 hours per week, his FLSA claim under section 206(a) must fail and it should be dismissed with prejudice.

## III. **CONCLUSION**

For the foregoing reasons, USProtect respectfully requests that its motion to dismiss Plaintiff's Fourth, Sixth, and Seventh Causes of Action be dismissed with prejudice.

DATED:  January 31, 2008                         EPSTEIN BECKER & GREEN, P.C.

By:    /s/ Matthew A. Goodin
        Steven R. Blackburn
        Matthew A. Goodin
        USPROTECT CORPORATION
        Attorneys for Defendant

- 12 -