1 | Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
2 | HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
3 | Los Angeles, CA 90036
Tel: 323.931.3777
4 | E-mail: law@harrisandruble.com;
atreanor@harrisandruble.com

Arthur L. Shingler, III (SBN 181719)
Hal Cunningham (SBN 243048)
SCOTT + SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
Tel: 619.233.4565
E-mail: ashingler@scott-scott.com;
hcunningham@scott-scott.com

Judy Scolnick, Appearing *Pro Hac Vice*
SCOTT + SCOTT LLP
75 Rockefeller Plaza, Suite 1915
New York, NY 10019
Tel: 212.223.6444
E-mail: jsscolnick@scott-scott.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| KONSTANTINOS MOSHOGIANNIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USPROTECT CORPORATION, and DOE ONE through and including DOE ONE-HUNDRED,<br><br>Defendants.<br>_____ | Case No: C 07-5128 JF<br><br>**PLAINTIFF KONSTANTINOS MOSHOGIANNIS OPPOSITION TO DEFENDANT USPROTECT CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [Fed. R. Civ. Proc. 12(b)(6)]**<br><br>**Assigned to the Honorable Jeremy Fogel, Room 2112** |

## I. INTRODUCTION AND SUMMARY OF FACTS.

Defendant USProtect Corporation ("USProtect") asks this Court to dismiss with prejudice two of Plaintiff Konstantinos Moshogiannis ("Moshogiannis") well-pled and valid claims for relief, without permitting Plaintiff the benefit of any discovery, because of Defendant's fundamental failure to differentiate between two very distinct theories: whether a statute provides for a private cause of action and whether a statute preempts or otherwise precludes state and federal remedies upon which the Plaintiff would otherwise be entitled to rely. The standard for evaluating a Rule 12(b)(6) motion is well settled. "The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Mersnick v. USProtect Corporation*, No. 06-3993, 2006 WL 3734396 at *2, (N.D. Cal. Dec. 18, 2006) (*quoting Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994)). A court must not dismiss a complaint for failure to state a claim unless relief may not be granted under any set of facts consistent with the allegations. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959–60 (2007).

Plaintiff Moshogiannis, was employed as a security guard with USProtect from approximately November 2001 until June 2007 when he was discharged. (First Amended Complaint ¶ 4.) USProtect is a Maryland corporation that provides security consulting, physical security and guard force protection service to numerous clients, including agencies of the U.S. Government, throughout many counties in California. (First Amended Complaint ¶ 2.) In the First Amended Complaint, Mr. Moshogiannis, on behalf of a

putative class and collective action, alleges seven wage-and-hour claims for relief under State of California and federal law against USProtect: failure to pay overtime under California Labor Code sections 510 and 1194 (First Claim for Relief); failure to pay continuing wages under California Labor Code section 203 (Second Claim for Relief); failure to provide accurate pay stubs pursuant to California Labor Code section 226 (Third Claim for Relief); failure to provide meal and rest breaks pursuant to California Labor Code section 226.7 (Fourth Claim for Relief); unfair business practices pursuant to California Business and Professions Code sections 17200 *et. seq.* (Fifth Claim for Relief); failure to pay minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. section 206 (Sixth Claim for Relief), and failure to pay overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. section 207 (Seventh Claim for Relief).

Under the Service Contract Act ("SCA"), as amended, 41 U.S.C. § 351, *et.seq.*, USProtect, as an entity engaged in service contracts with the U.S. Government, is required to pay its employees involved in these service contracts wages and fringe benefits "in accordance with prevailing rates . . . in the locality." 41 U.S.C. § 351(a)(1) and (2). The Contract Work Hours and Safety Standards Act ("CWHSSA") requires laborers who work for government contractors to be paid overtime at a rate equal to time-and-a-half for hours worked in excess of 40 per work week. *See* 40 U.S.C. §§ 328–29. Plaintiff has no quarrel with Defendant's statement that there is no private right of action under the SCA or the CWHSSA. Indeed, that is precisely why Plaintiff did not plead one. Defendant, however,

seeks to dismiss Plaintiff's Fourth Claim for Relief arising under California Labor Code section 226.7 that requires rest-and-meal breaks for all workers in the State of California and the Seventh Claim for Relief arising under the Fair Labor Standards Act, 29 U.S.C. § 207 *et. seq.*, on the erroneous premise that because there is no private right of action under the SCA or the CWHSSA, those two Acts must necessarily preempt state and federal remedies under separate statutes that would otherwise be available to Plaintiff. Thus, Defendant asks this Court to strip Plaintiff of wage-and-hour protections accorded to every other worker in the State of California merely because Congress sought to provide workers on federal service contracts the right to receive at least the locally prevailing wage rates under the SCA and the CWHSSA, even though Plaintiff does not seek any relief under the SCA or CWHSSA in his First Amended Complaint. Moreover, Defendant makes this request without mentioning the express holding to the contrary in the case of *Mersnick v. USProtect*, *supra*, issued by this Court against this same Defendant represented by the same counsel. As will be demonstrated below, Defendant's request should be denied.

## II. LEGAL ANALYSIS.

### A. The SCA and the CWHSSA Do Not Preempt Other Wage-and-Hour Laws.

The very case relied upon by Defendant to establish that the SCA does not confer a private right of action, *Miscellaneous Service Workers v. Philco-Ford Corp.,* 661 F.2d 776 (9th Cir. 1981) establishes that the SCA does not preempt state laws designed to "recover unpaid wages" that are not in conflict with the SCA. *Philco-Ford* involved a

group of employees who worked on a federal contract at a Missile Tracking Station in Hawaii. *Id.* at 777. The plaintiffs alleged three claims for relief. *Id.* The court dismissed the claim for relief arising under the SCA, holding that it did not create a private cause of action, a claim that Plaintiff in the case at bar does not challenge. *Id.* at 781. The second claim for relief was a fraud claim against the employer where the plaintiffs contended that management had deceived them into believing that rights guaranteed them by SCA were not available to them. *Id.* at 782. The court dismissed the fraud claim because of a failure to plead with the specificity required by Rule 9 of the Federal Rules of Civil Procedure. *Id.* The court did not even suggest that the SCA might preclude the fraud claim. The final claim involved two Hawaiian statutes which the court ultimately dismissed because they involved the plaintiffs' rights to benefits under a collective bargaining agreement with a predecessor employer. *Id.* at 782–83. The court was not deterred, however, by the SCA in considering the merits of the state claim and noted, that "the [state] statute, unlike the SCA, provides for private actions by employees to 'recover unpaid wages'" *Id.* at 783.

The teaching of the *Philco-Ford* Ninth Circuit decision is that (1) there is no private right of action under the SCA and (2) state law claims for unpaid wages on contracts covered by the SCA are cognizable as long as the employees plead a viable state claim which provides for a private right of action.

**B.   Plaintiff's Claim for Failure to Provide Rest-and-Meal Periods is an Independent State Claim which he is Entitled to Pursue and is Not Preempted by the SCA or the CWHSSA.**

The Ninth Circuit in *US ex rel Sutton v. Double Day Office Servs.*, 121 F.3d 531 (9th Cir. 1997), held that the SCA does not prevent an employee working under a government services contract from bringing a *qui tam* lawsuit under the False Claims Action against an employer who failed to comply with the requirement that it pay prevailing wages and made knowingly false statements to the United States about such payments. The court stated that a party may not bring an action for the equivalent of SCA damages under the guise of another statute. *Id*. at 533. *Sutton*, like *Philco-Ford*, supports the view that the SCA does not permit a private cause of action to enforce its provisions that service employees are due to be paid "prevailing rates" for their locality, but similarly it should not be interpreted to abridge rights under other statutes.

Thus, under *Sutton*, <u>if</u> Mr. Moshogiannis alleged that the wages he received were less than the prevailing wages and fringe benefits for employees engaged in security guard work in the particular county in California in which he worked, and <u>if</u> he were to seek to recover the difference between the wages and fringe benefits he received and the "prevailing rates" under the guise of a common law theory or statute other than the SCA, <u>then</u> the holding in *Sutton* might warrant dismissal. This could not be further from the relief sought by Mr. Moshogiannis in the Fourth Claim for Relief. Mr. Moshogiannis' claim is not an "indirect attempt" to privately enforce the SCA prevailing wage schedule but a direct attempt to enforce valid state law that (with certain exceptions not here applicable) permits every employee in the entire State of California to seek judicial relief

to enforce the State's policy of mandatory rest and meal breaks.

The manner by which the Department of Labor determines "prevailing wages and fringe benefits" in their Wage Determinations is quite complex; the whole of Part 1 of Title 29 of the Code of Federal Regulationsand Appendices A to C are devoted to the manner in which the Secretary of Labor sets prevailing wage rates. It involves undertaking a statistical analysis of wages paid on a county-by-county basis for hundreds of classifications of workers. That is not what Plaintiff in this case is asking this Court to undertake or remedy. The relief sought in the Fourth Claim for Relief is far more mundane: it seeks judicial enforcement of a state-wide statute regarding meal-and-rest periods, not the enforcement of a "prevailing wage" for a particular locality. Moreover, as the California Supreme Court pointed out in *Murphy v. Kenneth Cole*, 40 Cal. 4th 1094 (2007), where it held that the three-year statute of limitation applied to the "one hour of additional pay" provided in section 226.7 for violating the mandatory rest-and-meal provisions of the California Labor Code, "[t]his conclusion is consistent with our prior holdings that statutes regulating conditions of employment are to be liberally construed with an eye to protecting employees." *Id.* at 295–96. Defendant's reliance upon *Murphy* to try to transform Mr. Moshogiannis' claim from one seeking judicial relief for USProtect's failure to provide meal-and-rest breaks to one seeking to recover "prevailing wages and fringe benefits" under the SCA is completely misplaced.

The authorities relied upon by Defendant are either inapposite, of questionable

validity, or both. In *Danielson v. Burnside-Ott Aviation Training Center*, 941 F.2d 1220 (D.C. Cir. 1991), the court narrowly restricted its holding to the situation where the plaintiff sought to pursue a private right for SCA-based damages by asserting a completely inapplicable RICO cause of action. The RICO action alleged no substantive violation of the law other than the SCA. *Id*. at 1222. The limited *Danielson* ruling should not be extended to interpret the SCA to implicitly preempt private enforcement provisions of wage-and-hour laws. *See, e.g.*, *Koren v. Martin Marietta Services, Inc.*, 997 F. Supp. 196 (D.P.R. 1998).

In *Grochowski. v. Phoenix Const.*, 318 F.3d 80 (2d Cir. 2003), arising under the Davis-Bacon Act (a corollary to the SCA that requires prevailing rates be paid to employees working on federally funded projects), the Second Circuit dismissed state common law remedies seeking to enforce the prevailing rate but allowed the trial to go forward on the plaintiff's FLSA claims. Moreover, *Grochowski* was strongly criticized by the New York Court of Appeals holding in *Cox v. NAP Const. Co.*, 40 A.D. 3d 459 (2007), where the Court stated: "The Davis-Bacon Act neither preempts nor otherwise precludes state law claims for relief, be they common law or statutory, seeking payment of the very wages the Davis-Bacon Act requires." *Id*. at 461; *see also Chan v. N.Y*, 1 F.3d 96 (2d Cir. 1993), where the Second Circuit held the plaintiffs were entitled to sue for violations of the Davis-Bacon Act under 42 U.S.C. § 1983.

In *Foster v. Parker Transfer Co.*, 528 F. Supp. 906 (W.D. Pa. 1981), the plaintiffs,

service employees of a contractor to deliver mail for the U.S. Postal Service, sued their employer on the theory that the wages paid them were less than those mandated by the SCA. The court correctly granted summary judgment for the defendant because the SCA does not create a private right of action. *Id.* In the case at bar, Mr. Moshogiannis is suing in his Fourth Claim for Relief under California law and asking to be paid in accordance with the provisions of California labor law.

In sum, the attempt by USProtect to convert Plaintiff's Fourth Claim for Relief for Defendant's failure to provide meal-and-rest breaks from a valid claim arising under California labor law to a claim for a "prevailing wage" under the SCA is not supported by any case law or other authority.

### C.  Plaintiff's Claims for Overtime under the Fair Labor Standards Act are Not Preempted by the SCA or the CWHSSA and Plaintiff should be Allowed to Prove these Claims.

It is remarkable that in trying to persuade this Court to reject the reasoning of the *Masters v. Maryland Mgmt. Co.*, 493 F.2d 1329 (4th Cir. 1974) and its progeny, (Def.'s Mot. to Dismiss for Failure to State a Claim at 10:10–11:13), holding that the SCA and the CWHSSA do not preempt FLSA claims, Defendant neglects to point out that this Court in a case against this Defendant represented by Defendant's counsel, embraced the holding of *Masters* and rejected the identical arguments pressed by Defendant in this case. In *Mersnick v. USProtect*, 2006 WL 3734396, the plaintiff, a security guard employed by USProtect, alleged that USProtect violated the Fair Labor Standards Act ("FLSA") and

several sections of the California Labor Code because it failed to pay the plaintiff and class members all wages on regular paydays and engaged in a regular practice of requiring the plaintiff and other class members to work more than eight hours a day or forty hours a week without overtime pay. The Honorable Ronald M. Whyte of this Court denied USProtect's motion to dismiss the FLSA claims and stated:

> Although the Ninth Circuit has not addressed the issue of whether the FLSA, SCA, and CWHSSA are exclusive of each other, several other circuit courts have. The Fourth Circuit concluded as to the FLSA, SCA and CWHSSA, that **"none of the three statutes are mutually exclusive of the other, but that the provisions of all may apply so far as they are not in conflict."** *Masters v. Maryland Mgmt. Co.,* 493 F.2d 1329, 1332 (4th Cir. 1974). The court reasoned that **"[a] laborer is ordinarily entitled to be paid in accordance with the statute requiring the greatest pay, but this does not mean no other parts of the other statutes may not affect him."** (emphasis in the original). The Eleventh Circuit agreed that the SCA does not bar an FLSA claim. *Lee v. Flightsafety Serv. Corp.,* 20 F.3d 428, 431 (11th Cir. 1994).

*Mersnick,* 2006 WL 3734396 at *3. The defendant contended in *Mersnick*, just as it does here, that even if the statutes are mutually supplemental, the plaintiff's FLSA claim should nevertheless be barred because the plaintiff's FLSA allegations (almost identical to those in the case at bar) that the defendant failed to properly pay overtime at overtime rates necessarily implicates the rates set forth in the SCA. This Court in *Mersnick* rejected Defendant's strained interpretation.

> [T]he SCA and the CWHSSA did not conflict with the FLSA as to the computation of basic or regular rate and overtime compensation. . . .[T]he computation of overtime necessarily relies upon the regular rate under the FLSA and that the FLSA's regular rate is a similar concept to the basic rate referred to in the SCA and the CWHSSS. The computation of "regular rate" is, of course, the first step in computing an employee's overtime. The Service Contract Act explicitly states that 'the regular or basic hourly rate of pay' will include no fringe benefits not includable in the regular rate under the Fair Labor Standards Act. 41 U.S.C. section 355. See also 29 CFR section 4.55, section 778.7 and section 78.214(e). Similarly, 29 CFR sections 4.15 (c) (1) and (2) make clear that "basic rate" as used in the Contract Work Hours and Safety Standards Act is synonymous with "regular rate" under the Fair Labor

Standards Act.

*Id.* at *4. The *Mersnick* court therefore concluded that "the SCA and the CWHSSA do not necessarily preclude the plaintiff from bringing an action under the FLSA. The plaintiff has adequately stated a claim for overtime pay under the FLSA." *Id*. at *5.

This Court should endorse the *Mersnick* opinion and reject Defendant's motion to dismiss Plaintiff's seventh claim for relief under the FLSA. The case of *Brown v. Luk*, No. 95-1780, 1996 WL 280831 (N.D.N.Y. May 10, 1996), relied upon by Defendant for the proposition that the SCA preempts all FLSA claims of an employee working under a government service contract, does not support that proposition. In *Brown*, the court did dismiss plaintiff's claims under the FLSA that alleged they were paid below the prevailing wage rates in their locality, they were not provided with the total number of paid holidays required by law, and they were not paid time-and-a-half when they were required to work on legal holidays. The court maintained that the plaintiffs were trying to label what was essentially a "prevailing wage rate" claim as a FLSA claim. *Id.* at *4. The court did, however, deny dismissal of the plaintiffs' claims for overtime compensation under the FLSA for the defendant's failure to call for "on-call time" and "travel time" because these claims do not implicate the "prevailing rate" issue that is squarely within the province of the SCA. *Id*. at **5–6. Therefore, even under the reasoning of *Brown,* Mr. Moshiagiannis' claims for overtime under the FLSA, does not implicate "prevailing rates" and should not be dismissed. Moreover, *Brown* expressly rejected the reasoning of the Fourth Circuit in the case of *Masters v. Maryland Management Co*, 493 F.2d 1329 (4th

Cir. 1974), that was endorsed by this Court in *Mersnick v. USProtect*, 2005 WL 3734396.

Plaintiff will stipulate to withdraw the Sixth Claim for Relief under 29 U.S.C. § 206 for failure to pay a minimum wage in his First Amended Complaint.

## III.   CONCLUSION.

For all the foregoing reasons, Defendant's motion to dismiss the Fourth and Seventh Claims for Relief in Plaintiff's First Amended Complaint should be denied and Plaintiff will stipulate to withdraw his Sixth Claim of Relief in the First Amended Complaint.

DATED:   February 22, 2008               SCOTT + SCOTT LLP:

                                         By:   /s/ Judy Scolnick
                                               Judy Scolnick
                                               Arthur L. Shingler
                                               Hal Cunningham
                                               *Attorneys for Plaintiff*

DATED:   February 22, 2008               HARRIS & RUBLE:

                                         By:   /s/ Abigail Treanor
                                               Alan Harris
                                               Abigail Treanor
                                               *Attorneys for Plaintiff*

# **PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On February 22, 2008, I served the within document: **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)].**

     X     By electronically filing the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such a filing to the e-mail addresses denoted below.

Steven R. Blackburn
Matthew A. Goodin
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
sblackburn@ebglaw.com
mgoodin@ebglaw.com

I declare under penalty of perjury that the above is true and correct. Executed on February 22, 2008, Los Angeles, California.

                                                   /s/ Abigail Treanor
                                                Abigail Treanor